## Morris *versus* Olwine.

A creditor by bond and notes secured by a mortgage may have recourse, in the first instance, to the personal estate of the debtors which has been assigned for the benefit of creditors without preference; and though after an award by an auditor in his favor to a *pro rata* share of the personal estate, such a creditor, by direction of the Court, proceeded upon the mortgage and recovered the greater portion of his claims, it was *Held*, that he was still entitled to the said *pro rata* dividend on his whole claim, and was not limited to a *pro rata* share on his claim as reduced.

ERROR to the Common Pleas, *Philadelphia.*

The question involved in this case arose through exception to an auditor's report on the accounts of John S. Twells, assignee for the benefit of creditors of Livingston & Lyman.

*Before the auditor,* Morris & Co. preferred a claim by promissory note for above $700; and other creditors preferred claims exceeding $11,000. On these claims the auditor allowed a dividend of 8.26-100 per cent.

John Tams also claimed a dividend on $20,000, and a dividend of 8.26-100 was also allowed, it amounting to $1650.08. Of the claim, $17,000 consisted of three bonds, dated 23d May, 1846, executed by Livingston & Lyman, which bonds had been assigned to said Tams. They were accompanied by a mortgage *of same date* with them, executed by said Livingston & Lyman on the William Penn Furnace, in Montgomery county, Pennsylvania; and $3000 consisted of three notes, dated 18th December, 1845, drawn by Charles A. Lyman, and guarantied by Livingston & Lyman, and which were also secured by a mortgage on said furnace, dated 23d May, 1846.

After the report of the auditor was made, the Common Pleas, on 15th March, 1849, ordered that John Tams exhaust his remedies against the mortgaged premises; and that the sum of $1650.08. the amount of the dividend awarded to him, remain at interest in

[Morris *v.* Olwine.]

The Girard Life Insurance Company,—subject to the further order of the Court.

Proceedings were accordingly had in Montgomery county, under the mortgage, and $17,938 was awarded to Jacob K. Olwine, residuary assignee of the mortgages.

Afterwards, viz., on 24th December, 1852, it was objected in the Common Pleas of Philadelphia, that Olwine, assignee of John Tams, ought not to be allowed the dividend of eight per cent. viz., $1650.08, on $20,000, but should receive a dividend of 8.26-100 on the sum of $2302, the balance of the claims which had been secured by the mortgage.

ALLISON, J., decreed payment of the dividend of $1650.08, together with the interest which had accrued on it.

It was afterwards agreed that the proceedings should be considered as *a case stated*, and judgment to be entered thereon.

It was assigned for error, that the Court erred in decreeing the payment of $1650.08 and interest thereon, as before stated.

*Lewis, Shippen,* and *Mallery,* were for exceptants or plaintiffs in error.—It was contended that the creditor, whose claims were secured by the mortgages, was bound to have recourse to the mortgage in the first instance : *Story's Eq.* sec. 559 ; *Id.* 643 ; 17 *Vesey* 520, Ex parte Kendall ; 4 *Johns. Ch.* 20 ; 5 *Harris* 425, Kittera's Estate.

*Cuyler,* contrà.

The opinion of the Court was delivered by

LEWIS, J.—At the time of, and immediately before, the assignment for the benefit of creditors, those having judgments on the real estate had not only a right, but the law imposed it upon them as a duty to resort to the personal estate as the primary fund for the payment of their debts. If that was sufficient for the purpose, the real estate was entitled to exoneration. This *obligation* may not exist where a creditor has *two* remedies, both of which may be pursued until he obtains full satisfaction ; but the accumulation of remedies certainly does not diminish his *rights*. If a judgment creditor has a right to resort to the personal estate for the payment of his whole debt, without regard to his lien on the real estate, one who has a bond, which may be turned into a judgment, has the same right ; and that right is not impaired by any lien which he may have by mortgage on the land. One who has collateral securities for his debt is not obliged to surrender or exhaust them as a prerequisite to the pursuit of his other remedies : Kittera's Estate, 5 *Harris* 416. If this was the right of the cre-

[Morris v. Olwine.]

ditor *before* the assignment, it remained the same *afterwards*, except so far as it was changed by the instrument itself. It is not alleged that any preference was proposed by the assignor, or that any condition was annexed to the mortgagee's right to come upon the fund as a creditor for a *pro rata* distribution. The only change in his condition, produced by the assignment, is, that instead of resorting to an execution he must resort to the assignee. The rule applicable to his case, as stated in Shunk's and Freedley's Appeals, 2 *Barr* 309, is that "lien creditors may have recourse to the personal estate as the *primary* fund, for their *whole demand* in the first instance, and subsequently to the land for the residue." If the other creditors think the land is more than sufficient to discharge the liens, this may be ascertained in the way adopted by the Common Pleas; or they may, if they agree, discharge the liens by the application of the personal estate in the first instance, and then divide the proceeds of the real estate *pro rata* among themselves. They have no equity beyond this. A creditor who has collateral securities for his demand is not thereby deprived of his other remedies for its collection. In this case the dividend was ascertained and reported by the auditor before the debt was reduced by the application of the proceeds of the mortgaged premises; and all that is at present decided is, that the subsequent reduction of the debt by the proceedings on the mortgage, does not deprive the creditor of the dividend thus previously ascertained.

The final decree of the Court of Common Pleas was correct, and it is therefore affirmed.

Decree affirmed.