## Brough's Estate.   Appeal of Groves *et al.*

1. Brough being indebted to Hinchman, gave him his own note with endorsers, and the note of Gabley as collateral security ; they were discounted and the proceeds passed to Brough's credit.  Brough afterwards assigned for the benefit of creditors : the notes were not paid at maturity ; afterwards payments were made by the endorsers.  In the distribution of Brough's estate, *Held,* that Hinchman was entitled to a dividend on the amount due at the date of the assignment, irrespective of the notes.

2. The endorsers were not entitled to a dividend on the amount of the accommodation note, until Hinchman should be fully paid.

3. By the assignment, Hinchman became the equitable owner of the assigned estate, which could not be diminished by the payment of the collaterals.

4. Hinchman had the right to exhaust both Brough's estate and the collaterals in payment of his debt.

5. The endorsers had no equity until Hinchman should be paid, when if any of the assigned estate remained, they would be subrogated to his rights.

May 15th 1872.   Before THOMPSON, C. J., AGNEW, SHARSWOOD and WILLIAMS, JJ.

Appeal from the decree of the Court of Common Pleas of *Franklin county :* No. 52, to May Term 1872.

In the distribution of the estate of Peter Brough, of Chambersburg, assigned to Samuel F. Greenawalt and Jeremiah Diehl, for the benefit of creditors.

Brough being in debt to Howard Hinchman, of Philadelphia, to the amount of $14,951.59, and being pressed by him to have the indebtedness secured, gave to Hinchman, on the 24th of October 1868, a negotiable note, endorsed by Samuel F. Greenawalt, Michael Harglerode and John Montgomery, for $5000, payable in ninety days ; also a single bill, drawn by W. B. Gabley, for $5200, payable May 1871 without interest.

On the 28th of October 1868 the Brough note was discounted, and the proceeds then passed to the credit of Brough's account. On the 8th of December 1868, Brough made an assignment, for the benefit of his creditors, to Greenawalt and Diehl.   Between the 15th and the 25th of December the Gabley note was discounted, and the proceeds then passed to the credit of Brough's account with Hinchman.   Neither of these notes was paid at maturity.   The endorsers of the Brough note gave to Hinchman notes, each for his proportion of it ;  the Gabley note remained

[Brough's Estate.]

unpaid. The auditor, John Stewart, Esq., before whom there was much testimony, found that both notes " were intended by Brough and accepted by Hinchman as collateral to his account."

The balance in the hands of the assignees for distribution, after deducting expenses, was $3270.90.

The whole amount due Hinchman, without reducing it by the amount of these notes, was $15,824.15.

The aggregate of the amounts " paid or to be paid" by Greenawalt, Harglerode and Montgomery, as endorsers of the Brough note, was $5267.80.

The auditor awarded to Hinchman $602.20, a dividend on the whole amount due him, viz., $15,824.15 ; and to Greenawalt, Harglerode and Montgomery, $200.43, a dividend on the amount of the Brough note, viz., $5267.80.

George Grove and other creditors of Brough filed exceptions to the auditor's report :—

1. Awarding the dividend to Greenawalt, Harglerode and Montgomery.

2. Awarding to Hinchman a dividend on the whole amount of his claim, without deducting the proceeds of the Brough and Gabley notes.

3. Duplicating a dividend on the same sum of money by allowing both the above-mentioned dividends.

The court confirmed the report of the auditor.

From this confirmation Grove and the other creditors appealed to the Supreme Court, and assigned the overruling of their exceptions for error.

*G. W. Brewer*, for appellants.

There was no paper-book or oral argument for appellees.

The opinion of the court was delivered, May 20th 1872, by

WILLIAMS, J.—It is clear that, under the law as settled in Miller's Appeal, 11 Casey 481, and reaffirmed in Patten's Appeal, 9 Wright 151, and in Bair & Shenk's Appeal, 19 P. F. Smith 272, Howard Hinchman was entitled to a dividend on the whole balance of his account as it stood at the date of the assignment. What the amount of the actual balance was, depends on the fact whether he took the Brough note for $5000, and the Gabley note for $5200, as collateral security, or as absolute payment of so much of his account. The auditor and the court below have found that he took these notes as collateral security, and not in part satisfaction of his claim ; · and we see no sufficient evidence to justify us in setting aside their finding. There was then no error in allowing Hinchman a dividend on the full amount of his account at the date of the assignment, though he may have subse-

quently received payment of the Brough note from Greenawalt, Harglerode and Montgomery, the accommodation endorsers.

But there was error in allowing the endorsers a dividend on the amount of the note if they had paid it. It was not a debt of Peter Brough at the date of the assignment. It was held by Hinchman merely as collateral security for the payment of his claim, and, therefore, was not entitled to any portion of the assigned estate. Hinchman could not have claimed a dividend on it, nor can the endorsers, until Hinchman's claim is fully paid. If Hinchman had realized all but $5000 of his claim out of the assigned estate, Greenawalt, Harglerode and Montgomery, as endorsers of the note which he held as collateral security, would have been liable to him for its full amount. As shown in Miller's Appeal, Hinchman became the equitable owner of a portion of the assigned estate by virtue of the deed of assignment, which could not be diminished by the payment of the collaterals which he held. He had two funds or securities for the payment of his claim—the assigned estate and the notes transferred to him as collateral security; and he has a right to exhaust both, if necessary, to satisfy his claim against Brough. His legal right is superior to the equity of the endorsers, or rather they have no equity until he is paid; and then, if any portion of the assigned estate remains, they would be entitled to be subrogated to Hinchman's rights under the assignment as it respects so much of his claim as they may have paid. It follows that the auditor erred in allowing them a dividend on the amounts which they had respectively paid Hinchman on the Brough note. These dividends (notes, item 25) must therefore be disallowed, and the said sums distributed to the creditors entitled thereto under the assignment. We see no other error in the distribution, but for this error the decree must be reversed, and the record remitted to the court below with instructions to correct the distribution in conformity with this opinion.

> Decree accordingly, and it is further ordered that the costs of this appeal be paid one-half by the appellants and one-half by the appellees, Greenawalt, Harglerode and Montgomery.