## Miller's Estate. Bair & Shenk's Appeal.

B. & S. were holders of a note of J. M., endorsed by A. M. Both J. M. and A. M. at different times made assignments for the benefit of their respective creditors, that of J. M. having been made first. B. & S. received a dividend on the note from the estate of J. M. *Held* (reversing the court below), that they were entitled, in the subsequent distribution of the estate of A. M., to a dividend upon the whole amount of the note.

May 13th 1876. Before AGNEW, C. J., SHARSWOOD, MERCUR, GORDON, PAXSON, and WOODWARD, JJ. WILLIAMS, J., absent.

Appeal from a decree of the Common Pleas of *Cumberland county:* Of May Term 1876, No. 114.

This was an appeal by Bair and Shenk from a decree of the court below confirming the report of the auditor appointed to audit the account of the assignee for the benefit of creditors of Amos Miller.

The facts of the case appear in the opinion of the court.

*John Hays,* for the appellants.

Mr. Justice WOODWARD delivered the opinion of the court, October 9th 1876.

Amos Miller made a voluntary assignment for the benefit of creditors on the 24th of October 1873. On distribution by an auditor of the balance in the hands of the assignee, Bair and Shenk, the appellants, presented a claim founded on a note for $3000 drawn by John Miller and endorsed by Amos Miller, which had become due and been protested for non-payment on the 1st of April 1873. It appeared that after making the note, and before the assignment of Amos Miller was executed, an assignment for the benefit of his

1 NORRIS—8

[Miller's Estate.]

creditors had been made by John Miller. It appeared also that in a distribution of John Miller's estate, the appellants had received a dividend on their claim of $399.60. The question presented was, whether the appellants were entitled to a dividend out of Amos Miller's estate on the entire claim, embracing the principal and interest of the note, or on the balance remaining after deducting the dividend received from the assigned estate of John Miller. The auditor allowed a dividend only on the balance, and his report was confirmed by the Common Pleas.

In deciding the question, the auditor and the court below rested on the authority of The Bank of Pennsylvania v. McCalmont, 4 Rawle 307; and Perit v. Pittfield, 5 Id. 166. In the first of these cases it was held that the rule for making a dividend where more than one of the persons liable to the payment of a note or bill have failed, and made voluntary assignments of their property for the purpose of paying their respective debts and liabilities, is to take the amount actually due upon the note or bill at the times respectively, at which the first dividend is declared of each fund so assigned. The rule thus established was confessedly outside of any precedent, and was founded on what was assumed to be local practice. Judge KENNEDY said: "The rule possibly has been derived from that which seems to have been adopted in England in cases of bankruptcy, which is to take the amount of the debt actually due at the time of the creditor's first *proving* it against the fund. The only difference between the two cases seems to be that in the case of bankruptcy the amount of the debt due at the time of the creditors first proving it, is taken as the sum for which a dividend shall be allowed, but in the cases of voluntary assignments here, the amount due at the time of declaring the first dividend of each fund respectively is taken as the sum on which the dividend is to be allowed. I do not see any sufficient reason why this rule, which has already been adopted in practice here, should not also be adopted by the courts." In Perit v. Pittfield, the principle of The Bank of Pennsylvania v. McCalmont was followed without discussion.

In later cases, doctrines have been settled entirely inconsistent with the principle of these two precedents. Morris v. Olwine, 10 Harris 441, decided that a creditor by bond and notes secured by mortgage may have recourse, in the first instance, to the personal property of the debtor, which had been assigned for the benefit of creditors without preference; and that, though after an award by an auditor in his favor to a pro rata share of the personal estate, such a creditor, by direction of the court, proceeded upon the mortgage and recovered the greater proportion of his claims, he was still entitled to the pro rata dividend on his whole claim, and was not limited to a pro rata share on his claim as reduced. A creditor who has a lien upon a particular portion of an assigned estate, and out of a sale of part of which he realizes a portion of his claim, is

entitled to his pro rata dividend on the whole claim out of the general assets in the hands of the assignee to an amount sufficient to pay the balance of his demand in full, although a portion of the estate on which he holds the lien remains unsold : Keim's Appeal, 3 Casey 42. A debtor executed a general assignment of all his estate in trust for the benefit of his creditors; subsequently, the assignor became entitled to a legacy, which was attached and recovered by one of the creditors for whose benefit the assignment was made. It was held that such creditor was, nevertheless, entitled to a dividend out of the assigned estate, on the whole amount of his claim at the time of the execution of the assignment : Miller's Appeal, 11 Casey 481. It was said in that case, that " a creditor is entitled to a dividend under an assignment, not merely as a creditor, but as an equitable owner of the assigned estate; and the extent of his ownership is fixed by the amount of the claim when the assignment is made."

Patten's Appeal, 9 Wright 151, was perhaps a still stronger case. In the argument, the authority of The Bank of Pennsylvania v. McCalmont, 4 Rawle 307, and Perit v. Pittfield, 5 Id. 166, was there pressed upon the court in opposition to the doctrine announced in Miller's Appeal. It was ruled that the detention by vendors of goods sold on the insolvency and assignment for the benefit of creditors by the vendees, did not rescind the contract of sale; that the vendors were entitled to pro rata distribution out of the assigned estate; and that where part of the goods had been delivered, and the balance which had been retained had been sold by the vendors, who applied the proceeds to the payment of the notes given upon the sale, leaving a balance still due, they were entitled to a dividend on the whole amount of their claim at the date of the assignment. In delivering the opinion, Judge STRONG said: " If the beneficial ownership of property assigned in trust for creditors is not in the creditors for whose benefit the trust was made, it can be nowhere, for clearly it is not in the assignor, nor is it in the trustee; surely it cannot be maintained that when an assignment has been made in trust for creditors, it does not operate as much for the benefit of a creditor who holds a collateral security for the debt due him as for the benefit of the creditor who holds no collateral." These cases have been emphatically endorsed by this court in Hess's Estate, 19 P. F. Smith 272; Brough's Estate, 21 Id. 460; and Graeff's Appeal, 29 P. F. Smith 146. Brough's Estate, indeed, may be regarded as decisive. Brough being indebted to Hinchman, gave him his own note with endorsers, and the note of Gabley as collateral security. Brough afterwards assigned for the benefit of creditors. The notes were not paid at maturity, but afterwards payments on account were made by the endorsers. In the distribution of Brough's estate, it was held that Hinchman was entitled to a dividend on the

[Miller's Estate.]

amount due at the date of the assignment, irrespective of the intervening payments.

Upon authority the rights of the appellants would seem clear. They would seem clear also in view of a principle so simple and palpable as to be obvious to the plainest comprehension. If the estates of the two debtors had been adequate to the purpose, the appellants had the right to demand payment of their debt in full. That is, if each estate had been large enough to pay a dividend of fifty per cent., the dividends from both, if apportioned to it, would have satisfied the claim. By the rule which was adopted by the court below, if John Miller's estate had paid fifty per cent., and a dividend of fifty per cent. had been subsequently declared in Amos Miller's estate, the appellants would have been confined to a pro rata distribution on the balance remaining due, and one full quarter of their claim would have been left unpaid. Surely a rule that would so divert funds admittedly adequate as to make the satisfaction of an uncontested debt impossible, would be neither sound nor safe nor just.

> The decree of the Common Pleas is reversed at the costs of the appellees; and it is now ordered that the scheme of distribution reported by the auditor and confirmed by the court be so modified and corrected as to allow to Bair and Shenk, the appellants, a dividend upon the whole amount of their original claim, with interest and cost of protest.