D. C. Oyster *v.* Alfred Short and C. R. Earley. Appeal of W. H. Horton, Administrator of Hezekiah Horton, deceased.

Argued May 4, 1896. Appeal, No. 293, Jan. T., 1896, by W. H. Horton, Administrator of Hezekiah Horton, deceased, from decree of C. P. Elk Co., Sept. T., 1893, No. 3, on bill in equity. Before STERRETT, C. J., GREEN, WILLIAMS, MITCHELL and DEAN, JJ. Affirmed.

*Geo. A. Jenks,* with him *W. S. Hamblen,* for appellant.

*L. Rosenzweig* and *S. W. Smith,* with them *Geo. A. Rathbun, C. B. Earley, Geo. R. Dixon* and *Geo. A. Allen* for appellees.

*Banks and banking—Promissory notes—Discount—Receivers.*

Where a bank discounts notes, and subsequently has the same notes discounted by another bank, the indorsement of the first bank is a mere contingent liability which can never become absolute if the notes are paid at maturity by the makers, and the second bank has no right to include such notes with other unpaid notes, and claim from the receivers of the first bank a dividend upon the whole amount. The second bank, however, is entitled to a dividend upon rediscounted notes falling due after the receivers were appointed, which were either not paid at all, or only partially paid.

Argued May 4, 1896. Appeal, No. 296, Jan T., 1896, by American Exchange National Bank, from decree of C. P. Elk

County, Sept. T., 1893, No. 3, on bill in equity. Before
STERRETT, C. J., GREEN, WILLIAMS, MITCHELL and DEAN, JJ.
Affirmed.

Exceptions to report of George A. Brown, Esq., master, dis-
tributing funds of an insolvent bank.

The facts appear by the opinion of MAYER, P. J., which was
as follows:

At the former audit the American Exchange National Bank
presented their claim for distribution. It consisted of an over-
draft of $9,254.54 and the balance upon the indorsements by
the Ridgway Bank of a number of negotiable notes which had
been discounted by the American Exchange National Bank for
the Ridgway Bank. When the Ridgway Bank became insol-
vent and receivers were appointed none of these notes had
matured. They became due and were protested after the ap-
pointment of the receivers. These notes were not an existing
liability of the Ridgway Bank at the time of the appointment
of the receivers, and their liability attached only after protest
and due notice to the Ridgway Bank as indorsers. Some of
these notes were paid before and some after the first distribu-
tion by the makers. The principle invoked by the counsel for
the American Exchange National Bank, that "a creditor is en-
titled to a dividend under an assignment, not merely as a cred-
itor, but as an equitable owner of the assigned estate; and the
extent of his ownership is fixed by the amount of his claim
when the assignment is made" (Miller's Appeal, 35 Pa. 481)
has no application. At the time of the appointment of the re-
ceivers the American Exchange National Bank had no claim
against the Ridgway Bank on these discounted notes, as they
were not due. The American Exchange National Bank did
not become creditors of the Ridgway Bank until after the notes
fell due and were protested, which was after the appointment
of the receivers. Consequently the American Exchange Na-
tional Bank did not become equitable owners of the insolvent
estate when the receivers were appointed to the amount of these
notes, as they were not an existing liability at that time and
have only become claims against the estate since the appoint-
ment of the receivers.

" The rights of creditors of an insolvent corporation become fixed by a decree of the court ordering the dissolution thereof. No rights can be subsequently acquired by a creditor which will entitle him to a larger participation in the estate of such insolvent corporation." Dean & Son's Appeal, 98 Pa. 101.

We think the auditor was clearly right in refusing distribution upon all notes which had been paid by the makers to the bank before distribution. These notes were presented separately to the first auditor, a dividend declared upon each of them, where they were not paid by the makers, which dividends have been accepted and paid. To aggregate the claim of the exceptants, including notes already paid, as well as the former dividends already declared and paid, cannot be allowed in any court exercising equitable powers.

The language of the Supreme Court of Illinois in the case of First National Bank of Peoria v. The Commercial National Bank of Peoria, 37 N. E. Reporter, 1019, as quoted, is expressive of our views: " Here appellant has two classes of debts, one a note secured by collateral, the other a debt evidenced by several notes, as filed in the county court, as a claim against the insolvent estate; these are consolidated, and it is argued that they constitute one claim. In the administration of insolvent estates the county court may exercise equitable powers, and may examine into and segregate claims made up of different items, and make a distribution thereon that will avoid preferences and unjust advantages.

" By payment of the debt of $5,338.10 it was extinguished as a debt. Such is our case of the notes paid. It had no existence as a claim after such payment and could not enter into any claim as a part thereof and be a basis for adding to the distributive amount of another claim, or another item going to make up the whole claim. To do so would be to give such other part of a claim an advantage by way of preference.

" Because of its being proved as a part of a claim, one of the several items going to make up the whole claim does not destroy its character in equity as a separate debt. It cannot be held, after its payment, that it has any existence to receive a proportionate dividend or add to the dividends to be paid on the other items of the claim."

Exceptions are dismissed and the report of the master con-

firmed absolute, and it is ordered and decreed that the fund for distribution be paid over to the respective claimants, in accordance with the distribution made by the auditor.

*Errors assigned* were in overruling exceptions to master's report.

*Fred H. Ely*, for appellant.—In voluntary assignments for the benefit of creditors, the title becomes vested in the assignees in trust for the creditors, and they are entitled to dividends out of the assigned estate, not merely as creditors, but as equitable owners of the property, and the extent of their ownership is fixed by the amount of their claim when the assignment is made : Miller's App., 35 Pa. 481 ; Patten's App., 45 Pa. 151 ; Brough's Est., 71 Pa. 460 ; Miller's Est., 82 Pa. 113 ; Jamison's Est., 163 Pa. 143 ; Keim's App., 27 Pa. 42 ; Graff & Co.'s Est., 139 Pa. 69 ; Appeal of Jordan & Porter, 107 Pa. 75 ; Dean & Son's App., 98 Pa. 101 ; People v. Remington, 121 N. Y. 328 ; First Nat. Bank of Peoria v. Commercial Nat. Bank, 37 N. E. Rep. 1019.

An indorsement being a new and independent contract every indorser of a bill makes a new contract, and will be considered by the law as the drawer of a new bill if this be necessary, in order to enforce the obligation he assumes : 2 Parsons on Notes and Bills, 25 ; Juniata Bank v. Hale, 16 S. & R. 157.

*Geo. A. Rathbun, C. B. Earley, S. W. Smith, Geo. R. Dixon, Geo. A. Allen* and *L. Rosenzweig*, for appellees, were not heard, but cited in their printed brief : People v. Remington, 121 N. Y. 328 ; Graff & Co.'s Est., 139 Pa. 69 ; Jamison's Est., 163 Pa. 143 ; Morris v. Olwine, 22 Pa. 441 ; Grim's App., 109 Pa. 391 ; Guenther's App., 4 W. N. C. 41 ; Light's Est., 27 W. N. C. 21 ; Sampson's Est., 18 W. N. C. 240 ; In re Wilson, 4 Pa. 430 ; Kline's App., 86 Pa. 363 ; Chandler's App., 100 Pa. 262 ; Townsend's App., 106 Pa. 268.

OPINION BY MR. JUSTICE GREEN, October 5, 1896 :

We agree entirely with the learned court below in the disposition of this case. It is perfectly clear that so far as the rediscounted notes which were paid at maturity by the makers

are concerned, there was not, and could not be, any liability to
the appellant on the part of the Ridgway Bank. The indorse-
ment by the latter was at the best a mere contingent liability
which could never become absolute if the paper was paid at
maturity, by the makers, as was in fact done. Hence it follows
that the Ridgway Bank was never a debtor to the appellant,
either when the receivers were appointed, or at any time there-
after. It is not possible to apply the doctrine of Miller's Ap-
peal, 35 Pa. 481, to such a case because the fundamental facts
upon which that decision was founded are absent. It was
there held that the creditors of a voluntary assignor are the
equitable owners of the assigned estate at the time of the assign-
ment, and their rights are vested as of that date. Being the
owner of a vested interest in the assigned estate, the creditor
is entitled to a distribution of the proceeds of the estate, in the
proportion which his claim bears to the aggregate of all the
claims. Having the interest in the case cited, he was entitled
to its fruits in any event, and was not to be deprived of them
because he was able to secure partial payment of his claim by
the subsequent attachment of a legacy, which fell to the as-
signor after the assignment, and therefore was no part of the
assigned estate. It will be seen at once that no one who was
not an actual creditor of the assignor at the time of the assign-
ment could claim the benefit of the decision in that case, because
he had no interest in the estate assigned. In this case, the
appellant, so far as the notes now in question are concerned,
not only was not a creditor of the Ridgway Bank at the time
the receivers were appointed, but never became a creditor for
any amount, at any time after. How then can the appellant
claim the benefit of a relation which it never sustained to the
Ridgway Bank. It is impossible.

The cases of Graff & Co.'s Est., 139 Pa. 69; Jamison's Est.,
163 Pa. 143; Appeal of Jordan & Porter, 107 Pa. 75, cited by
appellant, have no application as they do not raise the present
question, but only questions between persons who were actual
creditors having different rights. In Dean & Son's Appeal, 98
Pa. 101, the doctrine of Miller's Appeal was applied to cases in
which receivers were appointed for insolvent corporations. We
there held that the rights of creditors of an insolvent corpora-
tion become fixed by a decree of the court ordering the dis-

solution thereof. No rights can be subsequently acquired by a creditor which will entitle him to a larger participation in the estate of such insolvent corporation. This ruling was made in reference to the distribution of the estate of an insolvent insurance company. The appellant held a policy upon which a loss occurred after the decree of dissolution was made, and claimed a dividend upon the whole amount of insurance. But we held that the rights of all creditors were fixed as of the time of the dissolution, and must be adjudged as of that date, and a claim arising subsequently could not be considered. We therefore held that a dividend could only be awarded upon the amount of the premium paid and not upon the loss.

As we understand the contentions of the parties, the foregoing ruling disposes of the only real controversy now left. Upon the notes rediscounted after the indorsement by the Ridgway Bank, and which, falling due after the receivers were appointed, were either not paid at all, or only partially paid, dividends have been allowed so far as payments were not made. This we regard as correct. The assignments of error are all dismissed.

Decree affirmed and appeal dismissed at the cost of the appellant.