## Chambersburg Trust Company *v.* Alexander.

159

Argued March 12, 1931.

Before Trex-
ler, P. J., Keller, Linn, Gawthrop, Cunningham,
Baldrige and Drew, JJ.

*John W. Hoke,* and with him *J. R. Ruthrauff,* for
appellant.—A creditor who holds several securities for
the same debt has the right to avail himself of them
all until he has obtained full satisfaction: Jamison's
Estate, 163 Pa. St. 143; Peckham's Estate, 35 Pa.
Superior Ct. 330; Fulton's Estate, 65 Pa. Superior
Ct. 437.

*Edwin D. Strite,* and with him *J. A. Strite* and *Wil-
liam S. Hoerner,* for appellees, cited: Peckham's

Estate, 35 Pa. Superior Ct. 330; Wetzler's Estate, 3 Pa. Superior Ct. 435.

OPINION BY DREW, J., May 1, 1931:

This is an appeal by a lien creditor from an order of the court below, overruling appellant's exceptions to an amended schedule of distribution of the proceeds of a sheriff's sale.

On September 1, 1927, The Valley National Bank of Chambersburg, appellant, took from William Alexander his bond and mortgage for $60,000, which mortgage was at once recorded and became a first lien on the six properties which it covered.

On July 26, 1929, appellant entered judgment on the mortgage bond and on the same day other creditors of Alexander, among whom was the Chambersburg Trust Company, entered eleven judgments against him, so that the twelve judgments became together a first lien on twenty-five tracts of land belonging to Alexander, other than the six properties covered by appellant's first mortgage.

On July 2, 1930, appellant issued a fi. fa. on the judgment entered on its mortgage bond, the six properties which the mortgage covered were sold by the sheriff on August 22, 1930, and appellant, on September 11, 1930, receipted on the execution docket for $60,583.03 as the proceeds of the sale, which admittedly left due it an unpaid balance of $3,333.78 on its claim.

On August 21, 1930, the Chambersburg Trust Company issued a fi. fa. on its judgment, and the sheriff levied upon the other twenty-five properties, sold eighteen of them on September 19, 1930, and on January 24, 1931, an amended schedule of distribution was filed in which the net proceeds of this sale, amounting to $6,716.39, were awarded to the twelve judgments on a small percentage each. Appellant's dividend was based upon the unpaid balance of its claim, with

interest, and not upon the original amount thereof, and the question presented for our consideration by the present appeal is whether or not this was proper.

It is the contention of appellant that it should have been allowed to pro rate with the other creditors, on the basis of its full claim of $60,000 with accrued interest, or, if such a dividend would exceed its claim, then it should have been awarded the full amount of the unpaid balance, $3,333.78.

It is a principle of law, established by a long line of decisions in this state, that where there is an assignment for the benefit of creditors, made by an insolvent debtor, the creditors become, by virtue thereof, the equitable owners of the assigned estate, the extent of ownership of each creditor therein being in the proportion which his debt bears to the aggregate. In such case, a creditor is entitled to pro rate with the other creditors, in the distribution of the funds, on the basis of his claim at the time of the assignment, and of this right he cannot be deprived by the fact that he holds additional security for his claim, and by pursuing his remedy against the same, is able to realize a part of his debt: Morris v. Olwine, 22 Pa. 441; Keim's Appeal, 27 Pa. 42; Miller's Appeal, 35 Pa. 481; Patten's Appeal, 45 Pa. 151; Brough's Estate, 71 Pa. 460; Graeff's Appeal, 79 Pa. 146; Miller's Estate, 82 Pa. 113; Jordan and Porter's Appeal, 107 Pa. 75; Boltz's Estate, 133 Pa. 77; Jamison's Estate, 163 Pa. 143; Murphy Co.'s Estate, 214 Pa. 258; Peckham's Estate, 35 Pa. Superior Ct. 330. This same rule has been applied to the estates of insolvent decedents, it being held that creditors of such decedents are to pro rate in the distribution of the estate according to the amount of their debts at the time of the debtor's death: Hess' Estate, 69 Pa. 272; Fulton's Estate, 65 Pa. Superior Ct. 437; and it has been likewise applied to insolvent corporations, the date of the dissolution

of such corporation or the date of the appointment of receiver for the same, being held to determine the respective rights of its creditors to participate in the fund for distribution: Dean and Son's Appeal, 98 Pa. 101; Blum Bros. v. Girard National Bank, 248 Pa. 148.

In the instant case, however, we have to deal with none of these situations; the debtor, Alexander, was not an insolvent decedent nor had he made an assignment for the benefit of creditors; there is no insolvency whatever, as far as the record shows. At the time the fund for distribution was created by the sheriff's sale on the judgment of the Chambersburg Trust Company, appellant was a creditor of the execution defendant, but had already realized a large portion of its claim from the sale of the debtor's property covered by its mortgage and had receipted for the same on the execution docket. It stood, therefore, at that time, as a creditor of Alexander, to the extent of the unpaid balance of its claim only. Prior to appellant's proceeding on the mortgage it held, there was no fund existing for the benefit of the debtor's creditors in general, as there was in the cases cited dealing with assigned estates, and for this reason these cases cannot be said to control the present one. In Wetzler's Estate, 3 Pa. Superior Ct. 435, it was held that where, prior to an assignment for the benefit of creditors, a claim of one of the creditors is reduced to judgment, execution issued thereon, and a levy made, the proceeds of said execution operate as a satisfaction pro tanto, and the creditor can then claim a dividend based upon the unsatisfied balance of his debt, and not upon the full, original amount thereof.

We think this decision properly applies to the case before us. In the Wetzler case, the property first resorted to by the creditor was personalty and the property subsequently sold by the assignee was realty,

whereas here we have both sales affecting real estate, but we deem this difference of no importance; the principle is the same.

Here the sheriff's return to the fi. fa. issued on appellant's judgment, showed that part of its claim had been made by the execution against the mortgaged premises, and appellant acknowledged the receipt of the same; it therefore follows that the debt was satisfied to that extent and that the learned court below was correct in holding that appellant was entitled to share in the proceeds of the sale of the other property of Alexander, on the basis of the remainder of its claim, and not upon the entire original amount thereof.

The order overruling the exceptions is affirmed.