## In re United Security Trust Company. No. 3

*James A. Montgomery* and *Frederick H. Spotts*, for exceptants.

*Arthur Hagen Miller*, for Secretary of Banking, contra.

MacNeille, J., December 14, 1933.—Exceptions to the account of the receiver were filed on behalf of Maryland Casualty Company and United States Fidelity & Guaranty Company. Upon adjudication these exceptions were dismissed, and we are now considering exceptions to the adjudication.

When the receiver took over United Security Trust Company there was on deposit a sum of money made up of deposits by receivers and trustees of bankrupt estates, in the total amount of $51,720.45. In accordance with the rules of

the United States District Court, which had designated United Security Trust Company as depository, security was posted by it—that is, the bank deposited with the clerk of the district court $20,000 face amount of United States Treasury Bonds and the surety bonds of Maryland Casualty Company in the sum of $5,000 and of United States Fidelity & Guaranty Company in the sum of $20,000.

After United Security Trust Company closed, the United States Treasury Bonds were sold by the clerk of the district court, and he realized $18,892.48, which he distributed to the various receivers and trustees pro rata. Subsequently, Maryland Casualty Company and United States Fidelity & Guaranty Company paid the clerk the amount of their respective bonds, the proceeds of which were distributed pro rata to the receivers and trustees to the amount of $25,000. This left a balance of the deposit unpaid in the sum of $7,827.97.

The exceptants now claim that the receiver of United Security Trust Company, in declaring dividends of distribution, should do so on the full amount of the deposit, $51,720.45. The receiver contends that his distribution should be on $32,828.97, because the depositors have received $18,892.48 in cash realized from the sale of the bonds, and that this reduced the deposit liability of the bank to $32,827.97.

At the time the trustees and receivers assigned their rights to the exceptants, there was due such trustees and receivers not more than $32,827.97 and this represented all they could rightfully assign, and therefore represents the basis of the claim of the assignees.

We have then the case of a depositor who demands and receives security, at least partial security, for his deposit. This certainly gave him an advantage over other depositors who had no such security. The funds deposited were not public moneys, and we say this because we realize that public moneys are entitled to priority with or without security, but these deposits were those of ordinary depositors in a class with all other depositors of the insolvent bank.

We also realize that private individuals could make a loan for which they could properly demand collateral, but in the instant case we do not have a loan or loans—we have bank deposits.

We have been referred to Merrill v. National Bank of Jacksonville, 173 U. S. 131 (1899), Aldrich v. Chemical National Bank, 176 U. S. 618 (1900), and Miller's Appeal, 35 Pa. 481 (1860), and also Chambersburg Trust Co. v. Alexander, 102 Pa. Superior Ct. 158 (1931). In all these cases were involved the rights of persons who made loans to a debtor and held collateral for such loans.

The depositors in the instant case were receivers and trustees in bankruptcy and were appointed by a federal court, and the deposit in the trust company consisted of the money of the receivership—they were not funds due a sovereign government or subdivision thereof, or a public officer, nor are the funds entitled to the status of trust funds: See Woodward's Petition, 307 Pa. 485.

We have been referred to Cameron v. Christy, 286 Pa. 405 (1926), but in that case the deposit represented funds received as collections of delinquent taxes of Allegheny County, and as they were deposited by the receiver of such taxes it was entitled to priority of payment. Undoubtedly the decision would have been different were it a private depositor.

Nor do we think Ahl v. Rhoads et al., 84 Pa. 319 (1877), will support the claim of the exceptants. In that case the deposit account had been changed and given the status of a debt or loan payable 1 year after date with interest.

Wherefore, we dismiss the exceptions to our adjudication taken on behalf of Maryland Casualty Company and on behalf of United States Fidelity & Guaranty Company.