# In re Coatesville Trust Company. No. 3

*C. Raymond Young*, for exceptant; *Howard F. Troutman*, for accountant.

WINDLE, J., February 26, 1934.—When the Secretary of Banking took possession of the business and property of Coatesville Trust Company, on October 1, 1931, the treasurer of the School District of Caln Township had on deposit therein in two accounts a total of $9,678.27. These deposits were secured by a depository bond agreement with bonds of said trust company held as collateral.

After the trust company closed, said bonds were sold for the sum of $7,213.61. In the first and partial account filed by the Secretary of Banking he admits liability to the school district in the sum of $2,464.66, which is the amount of the total deposits over and above that realized by the sale of the bonds above mentioned. To that the treasurer of the school district files an exception, contending that he should be allowed a dividend on the full amount of the deposits at the time the trust company closed its doors. This exception must be sustained. The exceptant is clearly entitled to recover as a general creditor upon the basis of the aggregate of the deposits in the bank at the time the Secretary took possession thereof, subject, however, to the limitation that he may not receive more than the full amount of those deposits. Consequently, when he has been paid the balance remaining over and above the amount realized upon the sale of the pledged bonds, he may no longer share in any dividends declared: Fulton's Estate, 65 Pa. Superior Ct. 437, cited in Union Trust Co. v. Long, 309 Pa. 470; Chambersburg Trust Co. v. Alexander, 102 Pa. Superior Ct. 158; In re Miners & Merchants Bank of Nanty-Glo, 18 D. & C. 537, in which the same question here presented was expressly passed upon by the Court of Common Pleas of Cambria County in an opinion filed September 5, 1932. In view of the above authorities, there is no doubt that the law in this jurisdiction upholds the contention of the exceptant.

The second question raised by these exceptions, to wit, whether the Secretary of Banking should have included among the assets in his account the unpaid subscriptions to the capital stock of the trust company, does not, in view of the decision as above, have to be decided here. This exceptant will now be paid in full, as dividends amounting to 50 percent of the claims have already been declared and distributed by the accountant. That proportionate part of exceptant's claim amounts to more than the balance due after selling the collateral bonds and consequently exceptant's interest to compel collection of unpaid stock subscriptions is extinguished and the question becomes as concerns him merely academic. For that reason and for that reason alone, we do not pass on the second question above indicated, and the exception raising it, to wit, the sixth, is dismissed without prejudice to the rights of those in whose interests such exception may properly be presented.

Exceptions 1 to 5, inclusive, sustained. Exception 6 dismissed without prejudice as above. From Truman D. Wade, West Chester, Pa.