## Case No. 8,457.

### In re LODER.

[4 Ben. 305;¹ 4 N. B. R. 190 (Quarto, 50).]

District Court, S. D. New York. ·Oct., 1870.

DISCHARGE OF BANKRUPT—PRINCIPAL DEBTOR— ENDORSER.

1. A firm, one member of which was B. H. L., had been adjudged bankrupt. One B. L., at the request of the firm, subsequently became the owner of substantially all claims against the firm, and had agreed to indemnify them against all claims which existed against them at the commencement of the proceedings. The firm had endorsed the notes of B. L., for his accommodation, which notes he had used in purchasing the claims against the firm, and he had agreed to indemnify them against any liability on those notes, they transferring to him all the assets of the

² [From 3 N. B. R. 655 (Quarto, 162).]

¹ [Reported by Robert D. Benedict, Esq., and here reprinted by permission.]

firm. On June 14th, 1869, the bankruptcy proceedings against the firm were discontinued, and the assignee in bankruptcy was directed to convey to them the assets in his hands; and, on June 15th, the firm conveyed such assets to B. L., and he by the same instrument agreed to indemnify them as above stated. On the 28th of January, 1870, B. H. L. was, on a petition filed by him, again adjudged a bankrupt, and in time he applied for his discharge. All the debts proved against him, except one, consisted of the notes of B. L., above mentioned, endorsed by the firm. The creditor who proved the other claim, filed a consent to the bankrupt's discharge, but such discharge was objected to on the ground that his assets, of which there were none, were not equal to fifty per cent. of the claims proved, on which he was liable as principal debtor, and that the assent in writing of a majority in number and value of the creditors to whom he was liable as principal debtor, had not been filed: *Held*, that, on the evidence, the endorsements of the notes of B. L. by the firm, were contracts independent of their indebtedness to their creditors, and were made for his accommodation; and that such creditors, in taking the notes so endorsed, extinguished the original indebtedness of the firm, and substituted the notes for it, so that such endorsements could not be regarded as contracts to pay the original indebtedness of the endorsers.

2. Under the 19th section of the bankruptcy act [of 1867 (14 Stat. 525)], an endorser does not become liable as a principal debtor, by the mere fixing of his liability as endorser.

[Followed in Re Duff, 4 Fed. 520.]

3. None of the contingent liabilities spoken of in the 19th section of the bankruptcy act can be regarded as liabilities of a principal debtor, within the 33d section, until they have been put in judgment, or undergone some other change than merely becoming absolute and fixed, in contradistinction to being contingent. A discharge must be granted.

[Cited in Corbett v. Woodward, Case No. 3,-223; Gay Manuf'g Co. v. Gittings, 3 C. C. A. 422, 53 Fed. 48.]

[These were proceedings in bankruptcy against Benjamin H. Loder. See Case No. 8,456.]

Thorndike Saunders, for bankrupt.
Albert Matthews, for creditors.

BLATCHFORD, District Judge. Prior to the 14th of June, 1869, Lewis B. Loder, Cyrus W. Loder and Benjamin H. Loder, copartners, under the firm name of Loder, Brothers & Co., had been adjudged bankrupts by this court. On that day an order was made, discontinuing the proceedings in the matter of such bankruptcy, and directing the assignee to convey to the said bankrupts all of their estate in his hands, with certain specified exceptions. On the 15th of June, 1869, the assignee made such conveyance by a proper instrument. Prior to that time, one Benjamin Loder had, at the request of the said bankrupts, and by purchase, become the owner of substantially all the claims which existed against them at the time of the commencement of such proceedings, and had agreed with them to indemnify them against the payment of all lawful claims which existed against them at such time. The said bankrupts had, in their said firm name, endorsed the promissory notes of Benjamin

Loder, for his accommodation, which notes, so endorsed, he had used in purchasing the claims which he had so purchased, and he had agreed to indemnify them against any liability on such notes. In consideration of those premises, the said bankrupts had agreed to transfer to him all the assets of their said firm. They made such transfer by an instrument executed by them on the 15th of June, 1869, and Benjamin Loder, by the same instrument, agreed to indemnify them against the payment of all claims which existed against them at the time of the commencement of the said proceedings, and against any liability on the said endorsements.

On the 28th of January, 1870, the same Benjamin H. Loder was, on a petition filed by him on the preceding day, again adjudged a bankrupt by this court. He now applies for his discharge. Numerous debts have been proved against his estate. All of such debts except one consist of the said notes of Benjamin Loder, endorsed by the said firm of Loder, Brothers & Co. The one excepted debt amounts to the sum of $400, and is due to an attorney at law for services. He has duly filed his written consent to the discharge of the bankrupt, but no other creditor has filed such consent. The contingent liability of the endorsers of the said notes, on their contracts, has become absolute and fixed. Objections to the discharge of the bankrupt are filed, on the ground that his assets (of which there are none) are not equal to fifty per centum of the claims proved against his estate, on which he is liable as the principal debtor, and that the assent in writing of a majority in number and value of his creditors to whom he has become liable as principal debtor, and who have proved their claims, was not filed in the case, at or before the time of the hearing of the application for discharge.

It is urged, on the part of the opposing creditors, that the bankrupt, although an endorser on the notes, is a principal debtor, within the meaning of the statute, to the holders of such notes; that, in endorsing the notes, the bankrupt was contracting to pay his own debt; and that, at all events, he became a principal debtor when his contingent liability became absolute and fixed.

It is established, I think, by the testimony in the case, that the endorsements, made by the firm, of the notes of Benjamin Loder, were contracts independent of their indebtedness to their creditors, and were made for his accommodation solely, and that such creditors, in taking the notes so endorsed, extinguished the original indebtedness of the firm and substituted such notes for it, so that such endorsements cannot be regarded as contracts to pay the original indebtedness of the endorsers. The only question for decision is, whether the bankrupt is, within the statute, liable as a principal debtor in respect of such endorsements. If he is, he is not entitled to his discharge.

A sensible construction must be given to the second clause of the 33d section of the bankruptcy act, as amended by the act of July 27th, 1868 [15 Stat. 227]. That clause requires, as a condition precedent to a discharge in this case, the assent in writing of a majority in number and value of the creditors of the bankrupt "to whom he shall have become liable as principal debtor, and who shall have proved their claims." The 19th section provides that no debts shall be proved against an estate, except those specified in that section. That section provides, that a claim against a bankrupt as drawer, endorser, surety, bail, or guarantor, may be proved after his liability shall have become fixed. It cannot be proved before that time. Until that time, it is not regarded as a debt due and payable, or even as a debt existing, but not payable until a future day, so as to be provable under the first paragraph of the 19th section. Now, as a claim against an endorser cannot be proved till the contingent liability of such endorser has become fixed, it follows, that if, by the fixing of such liability, the endorser becomes liable as a principal debtor, within the meaning of the 33d section, the words, in that section, "to whom he shall have become liable as principal debtor and," have no force or meaning as applicable to the liability of an endorser, and might as well have been omitted. Fixed liability makes the claim provable. Otherwise, it is not provable. Fixed liability makes a liability as principal debtor. The whole idea is expressed by the provability. To require the assent of a creditor who has proved his claim in respect of the fixed liability of an endorser, covers the whole idea, if, by the fixing of such liability, the endorser became liable as a principal debtor. But if, by the fixing of such liability, and thus making the claim provable, the debtor does not necessarily become liable as a principal debtor, there is a scope for the operation of the words, "to whom he shall have become liable as principal debtor and." The same views apply to the other contingent liabilities named in the 19th section—drawer—surety— bail—guarantor—bound for the debt of another person. There is, therefore, no soundness in the view, that the fixing of the liability of an endorser makes him liable as a principal debtor, within the meaning of the 33d section, when he otherwise would not be.

Although the liability of an endorser, from being contingent, becomes absolute and fixed, it does not thereby become the liability of a principal debtor. When it is put into the shape of the judgment of a court, the liability on such judgment be-

comes the liability of a principal debtor. But, until then, it is, under the 19th and 33d sections of the act, the fixed liability of an endorser, and not the liability of a principal debtor. The maker of the note is the principal or chief or primary debtor. The endorser is the secondary debtor, liable only on the default of the maker after demand of payment and due notice thereof. Such default and notice fix the liability of the endorser, but it still remains the liability of an endorser. It cannot be established without showing how it became fixed, and it must thus necessarily be shown to be the liability of an endorser.

It is manifest, I think, that none of the contingent liabilities or contingent debts spoken of in the 19th section, whether those of drawer, endorser, surety, bail, guarantor, obligor for the debt of another person, or whatever else, can be properly regarded as liabilities of a principal debtor, within the 33d section, until they have undergone some other change than merely becoming absolute and fixed, in contradistinction to being contingent.

It follows, that a discharge must be granted notwithstanding the specifications filed, and one will be granted when the register shall have certified conformity, in the usual form.