## GAY MANUF'G CO. et al. v. GITTINGS et al.

(Circuit Court of Appeals, Fourth Circuit. October 19, 1892.)

No. 30.

CORPORATIONS—RECEIVERS—PROVABLE CLAIMS—GUARANTY.

A corporation which had guarantied the payment of the principal and interest of railroad bonds payable in 1911 subsequently went into the hands of a receiver. The railroad company was solvent, had secured the bonds by mortgage of all its property, and had promptly met all coupons. *Held*, that owners of the railroad bonds could not prove the guaranty of the corporation, and have a dividend declared thereon, or have money retained in court to meet a possible future liability on the guaranty, as against creditors of the corporation, who were pressing for a sale and distribution, and who held either specific and general liens or demands past due.

Appeal from the Circuit Court of the United States for the Eastern District of Virginia. Affirmed.

Statement by SIMONTON, District Judge:

The Gay Manufacturing Company is a corporation under the laws of Virginia, engaged in the lumber business. Its operations were extensive, and it enjoyed large credit. Getting into pecuniary straits, a bill was filed against it by Gittings and others,—a creditors' bill. The bill sets out that there is outstanding a mortgage upon all the property of the company to secure payment of bonds issued by it to the amount of $60,000; that the company cannot meet said bonds, and that a sale under the terms of the mortgage is inevitable; that, besides this, the company owes some $70,000, pressing for payment; that of these at least $21,000 is in judgment or under mechanic's lien, and that there is danger that the large and valuable assets of the company will be wasted and lost. The bill then prays the appointment of a receiver, and the settlement of the affairs of the company. The trustees of the mortgage and the corporation, parties defendant, filed their answers, substantially admitting the facts of the bill. A receiver was appointed. The cause was referred to a special master on 24th August, 1889, who made his report at length. This report was confirmed in part 13th January, 1892. On 4th April, 1892, an order for the sale of all the property of the company was entered. This order recognized certain claims as valid and existing debts of the Gay Manufacturing Company, and as liens on the property in the order set out in the report; but no distribution of the proceeds of sale is provided for. Pending these proceedings, certain persons, among whom were Gittings, Brooks, and others, complainants in the bill above alluded to, filed a petition in the cause December 4, 1891. This petition, in substance, sets forth that they are holders of certain bonds of the Suffolk & Carolina Railroad Company, guarantied by the Gay Manufacturing Company. After stating in detail what bonds they hold, they add that many other persons unknown to them are also owners of bonds of the same class and issue as those held by the petitioners. The schedules filed with the petition show that on the 13th April, 1886, the Suffolk & Carolina Railroad Company prepared for issue coupon bonds aggregating $150,000, payable, as to principal, in 1911, with semiannual coupons for interest, secured by a mortgage cover-

ing all of its property of every kind and description. That, as these bonds were to be issued for the purpose of extending the road to some valuable timber lands of the Gay Manufacturing Company, that company agreed to guaranty said bonds. On each bond, before its issue, was indorsed the following:

"State of Virginia, to wit: The Gay Manufacturing Company indorsement and guaranty. In consideration of the sum of one dollar and other good and valuable considerations and benefits to it paid and accruing, the Gay Manufacturing Company, of Suffolk, Virginia, hereby guaranties and assures unto the holder of this bond the payment of the same, principal and interest coupons, according to its terms therein set out and contained. In witness whereof," etc.

These are the bonds and this the guaranty referred to in the petition. The petition avers that under the terms of the guaranty stated they are creditors of the Gay Manufacturing Company, and that, in case of a sale of the property, they are entitled to be recognized as such, and their claims duly taken into account in the distribution of the assets. To this end they ask that the proper dividend be ascertained and allowed, and retained in court until the contingency shall occur. If the bonds be paid by the railroad company, the money so retained may be distributed among the other creditors; if not, that it be used in meeting the guaranty. They ask to be made parties to this suit. No formal pleading was used, but the petition came to be heard as on demurrer, and was dismissed by the circuit court on 21st January, 1892. The petitioners appeal to this court, assigning for errors the refusal to allow the petitioners to file their petition; the refusal to allow petitioners to be made parties to the cause; the refusal to ascertain and adjust the claims of the petitioners, and to award them their share of the assets of the Gay Manufacturing Company; the decree of the sale of the property of the Gay Manufacturing Company without first making the petitioners parties. There is no ground for suspicion of insolvency in the Suffolk & Carolina Railway Company, and to this day it has met its coupons at maturity. It is not known whether the assets and property of the Gay Manufacturing Company will pay the mortgage, judgments, and claims proved in the main cause.

W. L. Marbury, for appellants.

Robert R. Prentis and Alfred P. Thom, for appellees.

Before GOFF, Circuit Judge, and HUGHES and SIMONTON, District Judges.

SIMONTON, District Judge, (after stating these facts.) This is a case of novel impression. In the argument before us no case in point was quoted, and no authorities presented, bearing directly on the issues involved. The petitioners are holders of bonds of the Suffolk & Carolina Railroad Company, due, as to principal, in 1911, with semiannual coupons for interest. On each of these bonds is the guaranty of the Gay Manufacturing Company. They claim the right to prove their contract in the main cause, and to have a dividend declared thereon, the amount of which is to be retained by the court until it shall appear whether the guaranty go into effect or not; and they do this admitting that the railroad company is perfectly solvent,

with no fear of its insolvency in the near future. If the petitioners' bondholders had this contract of guaranty secured by a lien, they could not ask or receive more than they now claim. It is contended, however, that these proceedings in the main cause are virtually the destruction of the corporation, and will end in the administration of its assets; that the assets of a corporation, under these circumstances, are impressed with a trust in favor of creditors, and that, as such creditors, they are entitled to come in and be protected. This brings us to the vital issue in this appeal: Are the bondholders, holders of this guaranty, entitled to rank as creditors on the present assets of the Gay Manufacturing Company? The creditors before the court, pressing for a sale and distribution, are creditors holding a special lien by way of mortgage; creditors holding general liens by way of judgment and execution and mechanic's lien; and, third, creditors holding demands past due, recognized and allowed by the court. It is clear that, as against the rights of lien creditors, these petitioners cannot be heard. These liens must and will be enforced as of right. What are the equities of these petitioners as against the holders of demands past due, recognized by the court? The petition contemplates one of two courses: Either to postpone the distribution of the assets until the period shall arrive when the responsibility under the guaranty shall have been determined, or to set apart now out of the assets the dividend to which these bonds would be entitled were they present creditors, and retain this in court to await the result of the guaranty. If this shows that the guaranty is not needed, then the money thus retained will be divided among the creditors. The first looks to the entire postponement of payment of the claims of past-due creditors; the second, to the postponement in part. The bare statement of the first proposition stamps it as one so inequitable that no court would entertain it. With regard to the second, the creditors before the court have fulfilled all that the law requires. They made their contract on short time. When default occurred they took prompt steps to obtain payment, and have, by activity and vigilance, established them in court. The petitioners hold the bonds of a solvent railroad company, secured by a mortgage of all of its property, the coupons of which have been, are, and in all human probability will be, promptly met. On each of these bonds is the guaranty of the Gay Manufacturing Company, which may or not become an actual liability in 1911. The first difficulty in their way is, is this a provable claim at this stage of the main case? When a court of equity calls upon creditors to come in and prove their claims before the master, it is a substitute for separate suits at law on each of these claims; and it would seem as if the party proving must have not only a cause of action, but a right of action. Claims not yet due have no standing in court, unless special provision be made by statute for them. There is no such statute in the United States Statutes. Under the bankrupt law, (Rev. St. 5069,) "when the bankrupt is bound as drawer, * * * surety, or bail, or guarantor upon any * * * contract, * * * but his liability does not become absolute until after the adjudication of bankruptcy, the creditor may prove the

same after such liability becomes fixed, and before final dividend is declared." Such a claim cannot be proved before the liability has become fixed. Until that time it is not regarded as a debt due and payable, or even as a debt existing, but not payable until a future day, so as to be provable. In re Loder, 4 Ben. 305. But it is said that the petitioners have an equity which this court will recognize and administer. The practical difficulty is insurmountable. If this equity is recognized and protected, to what extent shall it be done? Will the courts declare a dividend proportionate to the whole principal of $150,000, and the coupons accruing between this date and 1911? Will it go into an estimate by balancing probabilities, and attempt now to fix a sum which will represent the present value of this guaranty? When the holders of these bonds accepted the simple guaranty of the Gay Manufacturing Company at the long date, they did so knowing that it was subject to all the vicissitudes which may befall a trading corporation. They voluntarily suspended a right of action until a late period, knowing that the corporation would incur debts, and that these debts must be paid. The petitioners at this stage of the cause can have no standing in court.

This case has been decided as between creditors and persons claiming to be creditors. It was stated at the bar that the property of the Gay Manufacturing Company may realize more than enough to pay the liens and the proved past-due debts. Should this be the result of the sale, there may arise a very different question with regard to this surplus, as between the petitioners and the stockholders. No opinion is expressed on this point. Deciding the case simply upon the equities between creditors and these petitioners, we affirm the circuit decree dismissing the petition, with costs. Let the case be remanded to the circuit court for such other proceedings as may be proper. As great delay has already occurred in enforcing the unquestionable rights of lienholders, let the mandate issue on the filing of this opinion.