WELLS, Insurance Com'r, v. GUARDIAN CASUALTY & GUARANTY CO. et al.

No. 3804.   Decided July 3, 1922.   (208 Pac. 497.)

INSURANCE—COURT SUPERVISING OPERATION OF RECEIVER FOR INSURANCE COMPANY HAS DISCRETION TO FIX TIME WITHIN WHICH CLAIMS MUST BE FILED. A court under whose supervision a receiver of an insolvent insurance company operates has discretionary power to fix the time within which claims shall be filed, and to fix a reasonable time within which the filed claims shall be fixed and liquidated, and is not bound to give preference to those insurers whose claims were filed, ascertained, and liquidated at and prior to the date of appointment of the receiver.

Appeal from District Court, Third District, Salt Lake County; *M. L. Ritchie,* Judge.

Proceedings by Rulon S. Wells, Insurance Commissioner of the State of Utah, against the Guardian Casualty & Guaranty Company. From an order requiring Bankers' Trust Company, a receiver for defendant, to pay out of the funds a certain dividend to all creditors whose claims had been filed within the time specified by the court, and that had been ascertained and liquidated on or before July 10, 1921, the Ray Consolidated Copper Company and others appeal.

Order approved and affirmed.

*Dickson, Ellis & Adamson* and *L. E. Tripp,* all of Salt Lake City, for appellants.

354        SUPREME COURT OF UTAH        [July

Wells v. Guardian. C. & G. Co., 60 Utah 353

*Harvey H. Cluff,* Atty. Gen., and *Allen T. Sanford* and *Stewart, Stewart & Alexander,* all of Salt Lake City, for respondent.

WEBER, J.

The Ray Consolidated Copper Company, the Utah Copper Company, and the Bingham & Garfield Railway Company appeal from an order made November 12, 1921, by the district court of Salt Lake county authorizing and requiring the Bankers' Trust Company, receiver for the Guardian Casualty & Guaranty Company, to pay out of the funds in its hands a 10 per cent. dividend to all its creditors whose claims had been filed within the time fixed by the court, and that had been ascertained and liquidated on or before July 10, 1921. The receiver was appointed December 28, 1918, at the suit of the Insurance Commissioner of Utah, the respondent herein. The claims of the Ray Consolidated Copper Company and those of the Utah Copper Company were ascertained, fixed, and determined prior to the date of the appointment of the receiver. The claims of the Bingham & Garfield Railway Company, the other appellant, were fixed and determined after the appointment of the receiver, and before the order of court of November 12, 1921. These claims, as well as all others that were filed, grew out of policies of insurance issued to the respective claimants prior to November 1, 1917, on which date the Guardian Casualty & Guaranty Company ceased doing business. The insurance company wrote many kinds of insurance, among which were workmen's compensation, employers' liability, automobile, accidental, and railroad employés' accident insurance.

The contention of the appellants is that only those creditors and claimants whose claims were filed, ascertained, and liquidated at and prior to the date of the appointment of the receiver are entitled to participate in any distribution of the assets or dividends ordered to be distributed or paid by the court's order, and that until the claims that were fixed, ascertained, and determined at and prior to the date of the ap-

pointment of the receiver have been fully paid and discharged the claims of all other creditors or claimants must be held in abeyance, and can participate only in the assets remaining after the satisfaction of such preferred claims. Appellants invoke what is known as the New York rule, and argue that determined and fixed claims at the date of the appointment of the receiver must and should prevail over undetermined and contingent claims, even though prior to distribution such claims may become matured and fixed. As supporting their views, counsel cite: *People* v. *Metropolitan Ins. Co.*, 205 N. Y. 135, 98 N. E. 412, Ann. Cas. 1913D, 1180; *People* v. *Metropolitan Surety Co.*, 211 N. Y. 107, 105 N. E. 99; *Dean, Appeal of*, 98 Pa. 101; *Michel* v. *Southern Ins. Co.*, 128 La. 562, 54 South. 1010, Ann. Cas. 1912C, 810; *More* v. *Richards*, 90 N. J. Law, 626, 101 Atl. 380; *Commonwealth* v. *Mass. Ins. Co.*, 119 Mass. 45; *MacDonald* v. *Ætna Ind. Co.*, 91 Conn. 359, 100 Atl. 32; *Wells* v. *Hartford Manilla Co.*, 76 Conn. 27, 55 Atl. 599; *Doane* v. *Millville, etc., Ins. Co.*, 43 N. J. Eq. 522, 11 Atl. 739; *Gay Mfg. Co.* v. *Gittings*, 53 Fed. 45, 3 C. C. A. 422; *Brown* v. *Mass. Hide Corp.*, 218 Fed. 769, 134 C. C. A. 447.

The court under whose supervision the receiver operates should have and has discretionary power to do what is just and equitable under the circumstances to fix the time within which claims shall be filed and by order to fix a reasonable time within which the filed claims shall be fixed and liquidated. We think the court was right in rejecting the harsh rule invoked by appellants.

The rule adopted by the district court in this case is what is known as the Maryland rule, which is that when an insur-- ance company such as the Guardian Casualty & Guaranty Company is in the hands of a receiver all claims liquidated within the time fixed by the court for filing claims shall share in the distribution of assets. Counsel for the receiver recommended to the court the adoption of the Maryland rule to the effect that claims which had been filed within the time provided for filing claims or under an order of the court and which had become liquidated on or before July 10, 1921, be

recognized in the distribution of assets. We think the district court adopted the proper rule, one that is fair and equitable and that does not arbitrarily prefer one class of creditors to another. This rule leaves it to the discretion of the court to determine what is a reasonable time in which claims shall be fixed in order to participate in the distribution of assets. No claim is made that the court has not exercised wisely its discretion in this case. At the oral argument it was practically conceded by all counsel participating that the court adopted a fair and equitable method in the order of distribution appealed from. The position taken by the trial court is supported by ample authority and by cases that decide the identical question here involved. *Boston & Albany R. R. Co.* v. *Mercantile Trust Co.*, 82 Md. 535, 34 Atl. 778, 38 L. R. A. 97; *Ross* v. *American Employers' Liability Co.*, 56 N. J. Eq. 41, 38 Atl. 22.

*Boston & Albany R. R. Co.* v. *Mercantile Trust Co.*, supra, is the leading case on the subject, and is cited with approval by the text-writers. 23 R. C. L., p. 854, § 20; Joyce on Insurance, § 3601.

The order appealed from is approved and affirmed. The appellants are ordered to pay the receiver's costs on appeal.

CORFMAN, C. J., and GIDEON, THURMAN, and FRICK, JJ., concur.