## Ilgenfritz *against* Ilgenfritz.

The 21st section of the act of the 24th of February 1834, relating to distribution, is not restrained in its operation to debts contracted subsequently to its enactment.

ERROR to the common pleas of *York* county.

The administrators of Samuel Ilgenfritz, Sen., against the administrator of Samuel Ilgenfritz, Jun.

Samuel Ilgenfritz, Jun., died on the 1st of November 1834, indebted by three bonds to the plaintiff, dated the 1st of April 1831, for the payment of 600 dollars each on the 1st of April 1833, the 1st of April 1834, and the 1st of April 1836. And the only question in the case was, whether, in the distribution of the assets of his estate, these debts were entitled to preference in payment over simple contract debts. Whether the 21st section of the act of the 24th of February 1834, was intended to operate upon debts contracted prior to its enactment.

The court below (Durkee, President) was of opinion that the act was not restrained in its operation to debts contracted subsequently to its enactment, and rendered judgment accordingly.

[Ilgenfritz v. Ilgenfritz.]

*R. Fisher,* for plaintiff in error, referred to the act of assembly, and cited Underwood *v.* Lilly, 10 *Serg. & Rawle* 97; Bedford *v.* Shilling, 4 *Serg. & Rawle* 401; 2 *Caines* 300.

*Evans,* contra, stopped by the court.

Per Curiam.—There is no imaginable reason to restrain the operation of the section to debts contracted subsequently to its enactment. It was no part of the contract, nor could it be without the assent of the other creditors—and these were not consulted—that the debt in question should have a preference. That was a matter not to be regulated by the parties, but by the law; it was, in fact, not within their control. No mischief can be done, or hardship felt, in giving this part of the act what has been called a *retro-active* operation; and in this respect the case differs from those in which a statute, destructive of the title, has been denied effect in an action pending, because it would have burthened the plaintiff with costs incurred, when there was nothing like a prohibition—a consequence not to be imputed to the legislature as an intentional one. The specialty and simple contract debts are, therefore, to be paid alike.

Judgment affirmed.