# Weinmann & Co.'s Estate.   Henry C. Lea's Appeal.

*Assignment for creditors—Landlord and tenant—Rent—Evidence.*

Rent which has not accrued at the time of an assignment for the benefit of creditors is not a debt which is entitled to participate in the distribution of an insolvent assigned estate.

· Where the landlord seeks to enforce a claim based on an alleged election by the assignee to hold the lease for the benefit and at the expense of the estate, it is incumbent on him to prove, by clear and satisfactory evidence, an express agreement by the assignee to so hold it, or conduct on the part of the latter from which there is a plain and necessary implication that he elected to do so.

The bare possession of the leased premises a comparatively brief time for the purpose of disposing of the stock of merchandise on the premises at the time of the assignment, is insufficient to indicate an acceptance of the lease by the assignee.

Argued March 23, 1894. Appeal, No. 257, Jan. T., 1894, from order of C. P. No. 1. Philadelphia Co., Dec. T., 1891, No. 444, dismissing exceptions to auditor's report. Before STERRETT, C. J., GREEN, McCOLLUM, DEAN and FELL, JJ. Affirmed.

Exceptions to auditor's report. Before BRÉGY, J.

Before the auditor, Charles N. Mann, Esq., auditor to pass

upon the account of Joseph Locheim, assignee for the benefit of the creditors of Charles Weinmann & Co., Henry C. Lea, the landlord of the assignor, claimed $13,916.66 for rent accruing after the date of the assignment and after the occupancy of the premises by the assignee had ceased. The auditor found the following facts:

. "The assignee, for the purpose of realizing as much as possible for the creditors, continued to carry on the business (retail furniture) as he found it, for a period of about two months, and then disposed of the stock still remaining on hand at public sale; and during the temporary continuance of the business as aforesaid the assignee made purchases from time to time of such articles as were necessary, in order to advantageously dispose of the stock on hand." The assignee paid the rent up to the time of the public sale, when he vacated the premises. The claim was for rent accruing thereafter, or for damages by reason of the property being idle and nonproductive. The estate was insolvent. The auditor refused to allow the claim. Exceptions to this action by the auditor were dismissed by the court.

*Errors assigned* were dismissal of exceptions to auditor's report, quoting them.

*J. Howard Gendell*, for appellant.—The original tenant, by reason of his express contract, remains liable notwithstanding an assignment, and the assignee is likewise liable while the estate is in him by reason of his privity of estate: Woodfall's L. & T. 79.

The lessee remains liable notwithstanding the acceptance of rent from, and the acknowledgment of, the assignee: Kunkle v. Wynick, 1 Dal. 305; Ghegan v. Young, 23 Pa. 18; Frank v. Maguire, 42 Pa. 77.

If the assignee of a lease elects to accept the interest of the assignor and to enter under it, he becomes bound: Dorrance v. Jones, 27 Ala. 630; Horwitz v. Davis, 16 Md. 313; Boyce v. Bakewell, 37 Mo. 492; Ecker v. R. R., 8 Mo. Ap. 223; Morton v. Pinckney, 8 Bosw. 135; Woodfall, L. & T., p. 188; Smith, L. & T. *302.

Taking possession of the premises for the purpose of selling the goods assigned, and actually selling them thereon, amounts

in law to such an acceptance, and binds the assignee accord--
ingly: Dorrance v. Jones, 27 Ala. 630; Welch v. Myers, 4
Camp. 368; Clark v. Hume, R. & M. 207.

The presumption is that the possession of the assignee is the
same as that of his assignor: Powers v. Carpenter, 15 N. Y.
W. Dig. 155; Weil v. McDonald, 21 N. Y. W. Dig. 440; Man-
derson's Ap., 113 Pa. 631; Price's Ap., 116 Pa. 410; New-
kumet v. Davidson, 13 W. N. 10; White v. Thomas, 75 Mo.
454.

The landlord is a creditor within the terms of the assignment.
Obligations not due at the time of the assignment, but matur-
ing afterwards, are payable from the estate: Mellon's Ap., 32
Pa. 121; Patten's Ap., 45 Pa. 151; Bosler v. Kuhn, 8 W. & S.
183; Hunt and Lehman's Ap., 105 Pa. 128.

*Emanuel Furth, Jacob Singer* with him, for appellee.—A
claim for rent to accrue in the future, by virtue of a present
demise, has never been regarded in Pennsylvania, as a debt in
the ordinary acceptation of the term: Bosler v. Kuhn, 8 W.
& S. 186; Snyder and Cadwallader's Est., 8 Phila. 303; Sweat-
man's Ap., 150 Pa. 372; Miller's Ap., 35 Pa. 483.

Mellon's Ap., 32 Pa. 121, and Patten's Ap., 45 Pa. 151, only
enforce the argument here presented that the liability of the
debtor must be such at the time of the assignment as to war-
rant a present demand being made or enforced at the time of
the assignment for the benefit of creditors. To the same effect
is the opinion of Mr. Justice CLARK, in Jordan & Porter's Ap.,
107 Pa. 84.

The assignee has an option whether he will take the lease
of the bankrupt or not, and may refuse it if he thinks proper:
Pratt v. Levan & Snyder, 1 Miles, 358.

OPINION BY MR. JUSTICE McCOLLUM, Oct. 22, 1894:

The principal question raised by this appeal is whether on
the distribution of an estate assigned by a debtor for the bene-
fit of his creditors, rent accruing after the assignment is on the
footing of debts existing at the time of it. It is well settled
in Pennsylvania that by the assignment the creditors become
equitable owners of the property embraced in it to the extent
of the assignor's indebtedness to them. Their rights are fixed

as of the date of the assignment, and their ownership of the property is in the proportion that their respective debts bear to the whole indebtedness: Miller's Appeal, 35 Pa. 481; Brough's Estate, 71 Pa. 460; Dean's Appeal, 98 Pa. 101, and Jordan's Appeal, 107 Pa. 75. That rent not accrued or demandable at the time of the assignment is not a debt which is entitled to participate in the distribution of the trust estate appears to be equally well settled: Bosler v. Kuhn, 8 W. & S. 183, and Sweatman's Appeal, 150 Pa. 369. In the case last cited the learned court below held that rent accruing subsequent to the assignment was not payable out of the trust estate, and this court, referring to the decision, said of it: "If the appellant's claim was for rent to fall due in the future the action of the court below could not be successfully attacked." In Assigned Estate of Snyder and Cadwallader, 8 Phila. 303, it was plainly ruled that rent which accrued after the assignment was not a debt for which the assigned estate was liable. It is true that was a common pleas decision, acquiesced in by the litigants and their counsel, and it is principally valuable as showing the judicial and professional thought on the subject at that time. No decision of this court at variance with these principles has been cited, and our research in this line has not resulted in the discovery of one. In fact they are not in conflict with the citations made by the learned counsel for the appellant from the text-books and reports. The most of these citations are claimed by him as affording support to the proposition that the assignee elected to accept the lease and thereby bound the estate for the rents, accruing during the term.

It being clear, under the cases we have referred to, that, without an acceptance of the lease by the assignee, the assigned estate was not liable for subsequently accruing rents, it remains to inquire and consider whether the estate became bound for such rent by any act or agreement of the assignee in respect to the demised premises. It should be borne in mind in this connection that any action by the assignee which rendered the estate liable for rent to fall due in the future would introduce the lessor as an equitable owner of the assigned property, and thus place him in a position in respect to it which he did not acquire by virtue of the deed of trust. We have already seen that under and by force of this deed none but the then exist

ing creditors of the assignor acquired an equitable ownership of or interest in the assigned estate, and that the lessor as to subsequently accruing rent was not such a creditor. If it be conceded that the assignee, by virtue of his appointment, had the power to accomplish such a result, it will be admitted, we think, that the burden of showing that he did so was on the lessor who claimed rights which the deed did not confer upon him. In other words, as the lessor was seeking to enforce a claim based on an alleged election by the assignee to hold the lease for the benefit and at the expense of the estate, it was incumbent on him to prove, by clear and satisfactory evidence, an express agreement by the assignee to so hold it, or conduct on the part of the latter from which there was a plain and necessary implication that he had elected to do so. It is not pretended that there was an express agreement by the assignee in this case to accept the lease as an asset of the estate and thereby bind the latter for the subsequently accruing rent. Aside from the bare possession of the leased premises a comparatively brief time, for the purpose of disposing of the stock of merchandise which constituted a large share of the assigned estate and was in the leased stores at the time of the assignment, there was absolutely nothing to indicate an acceptance of the lease by the assignee. For the time he occupied the premises for this purpose he paid the rent, and the payment so made was in the nature of expenses incurred in the administration of the trust, and he was entitled to credit for it as such in his account. The nature and purpose of this possession were known to the lessor, and it negatived rather than warranted an inference of an intention to charge the estate with the rent which he now seeks to recover from the fund appropriated by the assignment to the claims of the then existing creditors of the assignor. It certainly was not sufficient to support the appellant's present contention.

The specifications of error are overruled.

Decree affirmed and appeal dismissed at the cost of the appellant.