## Prudential Trust Company's Assignment.

*Corporations—Trust company—Depositors—Insolvency—Preference in favor of depositors—Acts of April 26, 1844, P. L. 419, April 16, 1850, P. L. 477, May 13, 1876, P. L. 161, and May 8, 1907, P. L. 192—Assignment for creditors.*

1. In the absence of legislation perferring certain creditors no such preference exists.

2. The question whether the depositors of an insolvent trust company are entitled to preference over other general creditors in the distribution of assets, depends on the existence of legislation giving such preference. In the absence of such legislation no preference exists.

3. The Acts of April 26, 1844, P. L. 419, April 16, 1850, P. L. 477, and May 13, 1876, P. L. 161, giving a preference to depositors in banks of issue, or those of discount and deposit, do not apply to trust companies incorporated for a different purpose and expressly denied by statute the right to engage in the business of banking.

4. The relation between a bank and its depositors is one of debtor and creditor, and not one of trustee and cestui que trust.

5. By a deed of assignment for the benefit of creditors the equitable

ownership of the assigned property passes to the creditors. Each creditor owns such a proportional part of the whole as the debt due him bears to the aggregate of the indebtedness. The extent of the interest of a creditor is fixed by the deed of trust which also fixes the time to which the several claims must be referred for adjustment and not the date of the decree of distribution. The creditor having thus a fixed and vested interest as of the date of the assignment, it cannot be reduced to his prejudice by subsequent legislation, or otherwise, without interfering with a vested legal right.

6. The Act of May 8, 1907, P. L. 192, giving a preference to depositors over other creditors in the distribution of the assets of an insolvent trust company, does not apply to the creditors whose rights accrued by an assignment for creditors of such a company made prior to the passage of the act, and at a time when no such preference existed.

Argued Nov. 4, 1908. Appeal, No. 11, Oct. T., 1909, by John C. Cottingham et al., executors of the last will and testament of Francis Shubert, deceased, from decree of C. P. No. 1, Allegheny Co., Sept. T., 1904, No. 177, dismissing exceptions to auditor's report in the matter of the assigned estate of the Prudential Trust Company. Before Fell, Brown, Mestrezat, Potter and Elkin, JJ. Reversed.

Exceptions to report of J. C. Boyer, Esq., auditor. Before Brown, P. J.

The facts are stated in the opinion of the Supreme Court.

*Errors assigned* were in dismissing exceptions to auditor's report.

Pier Dannals, with him C. C. Dickey, Avery D. Harrington and G. Von Phul Jones, for appellants.—There was vested in appellants on June 22, 1904, by the deed of assignment a property right. It is well-settled law in this state that the rights of creditors as distributees of an estate assigned for the benefit of creditors are fixed as of the date of the assignment: Miller's App., 35 Pa. 481; Jordan's App., 107 Pa. 75; Lea's App., 164 Pa. 405; Potter v. Gilbert, 177 Pa. 159.

The act of 1907 is not retroactive and has no application to this distribution: McHugh v. Jones & Laughlin Steel Co., 219 Pa. 644; Lewis v. Penna. R. R. Co., 220 Pa. 317; Taylor v.

Mitchell, 57 Pa. 209; Fisher v. Farley, 23 Pa. 501; Becker's App., 27 Pa. 52; People's Fire Ins. Co. v. Hartshorne, 84 Pa. 453; Dewart v. Purdy, 29 Pa. 113; Martin v. Greenwood, 27 Pa. Superior Ct. 245; Old Forge School District, 27 Pa. Superior Ct. 586; Sproul v. Glass Co., 201 Pa. 103.

If a contract when made is valid by the constitution and laws of the state as then expounded by the highest authorities, whose duty it is to administer them, no subsequent action by either the legislature or the judiciary can impair its obligation: Gelpcke v. Dubuque, 68 U. S. 175; Douglass v. Pike County, 101 U. S. 677; Taylor v. Ypsilanti, 105 U. S. 60; New Buffalo v. Iron Co., 105 U. S. 73; Wilkes County v. Coler, 180 U. S. 506 (21 Sup. Ct. Repr. 458); Koshkonong v. Burton, 104 U. S. 668; Fletcher v. Peck, 10 U. S. 87; Hawthorne v. Calef, 69 U. S. 10; Richards v. Rote, 68 Pa. 248; Palairet's App., 67 Pa. 479; Haley v. Philadelphia, 68 Pa. 45; Alter's App., 67 Pa. 341; Williams's App., 72 Pa. 214; Drew v. R. R. Co., 81* Pa. 46; Western Savings Fund Society v. Philadelphia, 31 Pa. 185; Shonk v. Brown, 61 Pa. 320.

*Samuel S. Mehard*, with him *Stephen Stone* and *Joseph Langfitt*, for appellees.—The law as it existed at the time of the assignment of the Prudential Trust Company gave a preference, on the distribution of the company's assets, to claims for deposits in the company over its other liabilities: Com. v. Fraim, 16 Pa. 163; Kennedy's App., 60 Pa. 511; Umholtz's App., 191 Pa. 177; Colchester v. Kewney, L. R. 2 Exch. 253; Sutton's Case, 10 Rep. 23a; Ward v. Hallam, 2 Dallas, 217; Balliet v. Brown, 103 Pa. 546.

If such preference was not secured by the law existing at the time of said assignment, the order of distribution in this case would be governed by the act of May 8, 1907, whereby such preference is secured: Price v. Lancaster County, 189 Pa. 95; Thomas's Election, 198 Pa. 546.

The retroactive effect claimed for the act of May 8, 1907, cannot be avoided on the ground that it would be unconstitutional: Lane v. Nelson, 79 Pa. 407; Miller's App., 35 Pa. 481; Sturges v. Crowninshield, 17 U. S. 122.

The validity and operation of retroactive statutes are shown and illustrated by the cases cited by the learned auditor in his report. Among these are the following: Ilgenfritz v. Ilgenfritz, 5 Watts, 158; Deichman's Appeal, 2 Whart. 395; Rambaugh v. Rambaugh, 11 S. & R. 191; Estep v. Hutchman, 14 S. & R. 435; Tate v. Stooltzfoos, 16 S. & R. 35; Bolton v. Johns, 5 Pa. 145; Hinckle v. Riffert, 6 Pa. 196; Grim v. Weissenberg School District, 57 Pa. 433; Lane v. Nelson, 79 Pa. 407; Donley v. Pittsburg, 147 Pa. 348; Anderson v. Lower Merion Township, 217 Pa. 369; Musser v. Brindle, 23 Pa. Superior Ct. 37.

*Pier Dannals*, with him *C. C. Dickey, Avery D. Harrington* and *G. Von Phul Jones*, for appellant in reply.—The act of April 16, 1850, and the other statutes regulating the distribution of the assets of insolvent banks and establishing an order of preference to creditors, do not embrace savings institutions, or banks so called, which are prohibited from exercising banking privileges: Fox's Appeal, 93 Pa. 406; First Nat. Bank of Clarion v. Gruber, 87 Pa. 468.

The relation between a bank and its depositors is only that of debtor and creditor: Commercial Nat. Bank v. Henninger, 105 Pa. 496; Bank of Northern Liberties v. Jones, 42 Pa. 536; Reiff v. Mack, 160 Pa. 265; Bank of the Republic v. Millard, 77 U. S. 152; Marine Bank v. Fulton Bank, 69 U. S. 252.

OPINION BY MR. JUSTICE ELKIN, January 4, 1909:

The question to be determined on this appeal is whether the depositors are entitled to preference over other general creditors in the distribution of the fund in the hands of the assignee of the insolvent trust company. It may be stated as a general principle that in the absence of legislation preferring certain creditors, no such preference exists. The legislature has passed many acts making a preference in the distribution of estates among creditors, this on the ground of public policy, or to protect the natural and superior equities of parties, but the burden is always on him who asserts a preference to point to the authority which gives it. In the present case the learned counsel for appellees attempt to meet this burden under the provi-

sions of the acts of 1844, 1850 and 1876, all of which relate either to banks of issue or to those of discount and deposit. Trust companies created under the provisions of the general corporation Act of April 29, 1874, P. L. 73, and deriving their privileges and powers from the act of 1889 and other supplementary statutes, are neither banks of issue, nor of discount and deposit, within the meaning of the law, and therefore the acts relied on as giving a preference to bank depositors, are not authority for the proposition that the same preference must be given to depositors in a title and trust company incorporated for a different purpose and being denied by the express language of the statute the right to engage in the business of banking. Nor is this a new interpretation of the statutes or understanding of the law relating to this question. Fox's Appeal, 93 Pa. 406, decided in 1880, held that the act of 1850 and other statutes regulating distribution of the estates of insolvent banks and establishing an order of preference to creditors, did not embrace savings institutions, or banks, so called, which did not enjoy banking privileges. What was said by this court in that case is decisive of the question raised here in so far as the acts of 1844, 1850 and 1876 have any application. We do not agree with the proposition advanced in behalf of appellees to the effect that a depositor in making a deposit in a bank, does not thereby establish the relation of debtor and creditor, but rather chooses the bank as the custodian of his money for the time being. This is not the law. Money deposited in a bank ceases to be the money of the depositor and becomes the money of the banking institution in which deposited. It is the business of a bank to receive money on deposit and use it as its own, being accountable as debtor to the depositor for the money so deposited which may be subject to check or draft or payment upon notice or demand as the parties may agree. All of our cases recognize the relation of a bank to its depositors to be one of debtor and creditor: Bank of Northern Liberties v. Jones, 42 Pa. 536; Commercial Nat. Bank v. Henninger, 105 Pa. 496; Reiff v. Mack, 160 Pa. 265.

One more question remains to be considered, that is, does the act of 1907, which establishes an order of preference in the

distribution of the assets of an insolvent trust company among creditors, apply? The auditor before whom the case was heard and the learned court below in passing on the exceptions filed held that it did, and the errors assigned here relate chiefly to this question. The assignment for the benefit of creditors in the present case was made June 22, 1904, while the act of assembly in question was not approved until May 8, 1907, almost three years later. There is nothing in the language of the statute to indicate an intention to give it a retroactive effect, even if it were within the power of the legislature to do so. It is contended, however, that the statute applies in express terms "in case of any distribution of the money, funds, property or other assets whatsoever of any trust company," and that whilst the assignment was made several years prior to the passage of the act, it still must be held to apply because the distribution of the assets was made after its enactment. In other words, that the act only affects the remedy and not the legal rights of the parties. We do not so understand the rule of law as applied to the facts of the case at bar. The rights of creditors of an assigned estate are fixed as of the date of the assignment. By the deed of assignment the equitable ownership of the assigned property passes to the creditors. Each creditor owns such a proportional part of the whole as the debt due him bears to the aggregate of the indebtedness. The extent of the interest of a creditor is fixed by the deed of trust which also fixes the time to which the several claims must be referred for adjustment and not the date of the decree of distribution. The creditor having thus a fixed and vested interest as of the date of the assignment, it cannot be reduced to his prejudice by subsequent legislation, or otherwise, without interfering with a vested legal right. This is the doctrine of Miller's Appeal, 35 Pa. 481; Patten's Appeal, 45 Pa. 151; Dean's Appeal, 98 Pa. 101; Lea's Appeal, 164 Pa. 405; Potter v. Gilbert, 177 Pa. 159. At the date of the assignment the appellant here had the right to participate in the fund for distribution along with the depositors and other creditors in such proportion as his claim bore to the aggregate of all the claims. If, however, the act of 1907 applies the depositors take the whole fund and appellant gets

nothing.  It is folly to say that appellant had a vested right to participate in the distribution at the time of the assignment in 1904 and now he has not because of the preference established by the act of 1907 and still hold that this act only affects the remedy and not the legal rights of the parties.  Nor do we think Ilgenfritz v. Ilgenfritz, 5 Watts, 158, and numerous other cases cited in behalf of appellees involving the change in the law of distribution of decedents' estates are authority for a different rule.  In those cases the law was changed before the death of the decedent, and it was held that creditors had no vested right to any particular method of distribution prior to the death, which is the only event that can be considered as vesting any specific right or interest in creditors entitled to participate in the distribution of the estate of an insolvent decedent.  We cannot agree that a law which denies appellant a right to participate as it existed in 1904 and gives to depositors a right of preference which did not then exist only affects the procedure or remedy and not the legal rights of the parties.  It is clear, therefore, appellant is entitled to share in the distribution with the depositors and other creditors without reference to the preference established by the act of 1907.

Decree reversed and record remitted to the court below in order that distribution may be made in accordance with the views herein expressed, costs to be paid out of the assigned estate.