## Savings Banks Investments.

*Banks and banking — Savings banks — Investments — Federal land bank bonds—Joint-stock land bank bonds—Constitutional law—Article iii, sect. 22— Acts of May 20, 1889, April 5, 1917, and June 28, 1923.*

1. The Acts of April 5, 1917, P. L. 47, and June 28, 1923, P. L. 884, authorizing savings banks to invest their funds in Federal land bank and joint-stock land bank bonds, do not contravene article iii, section 22, of the Constitution of Pennsylvania, which provides that "no act of general assembly shall authorize the investment of trust funds by executors, administrators, guardians or other trustees in the bonds or stock of any private corporation."

2. The relation between a bank and a depositor is one of debtor and creditor.

3. The directors or trustees of a savings bank are not trustees within the meaning of the constitutional provision.

4. The investments of savings banks are not limited to those enumerated in the Act of May 20, 1889, P. L. 246, but others may be added by proper legislative enactments.

5. The Acts of April 5, 1917, P. L. 47, and June 28, 1923, P. L. 884, are constitutional.

Department of Justice. Opinion to Hon. John W. Morrison, First Deputy Secretary of Banking.

BROWN, Dep. Att'y-Gen., Sept. 5, 1923.—Your letter asking to be advised whether or not savings banks may invest their funds in Federal land bank and joint-stock land bank bonds has been received by this department.

The Act of May 20, 1889, P. L. 246, was passed for the incorporation and regulation of savings banks, and in section 17 provides:

"It shall be lawful for the trustees of any saving bank to invest money deposited therein only as follows:

"First. In the stocks or bonds of interest-bearing notes or the obligations of the United States, or those for which the faith of the United States is pledged to provide for the payment of the interest and the principal.

"Second. In the stocks or bonds of the Commonwealth of Pennsylvania bearing interest.

"Third. In the stocks or bonds of any state in the Union that has not, within ten years previous to making such investments by such corporation, defaulted in the payment of any part of either principal or interest of any debt authorized by any legislature of such state to be contracted.

"Fourth. In the stocks or bonds of any city, county, town or village of any state of the United States, issued pursuant to the authority of any law of the state, or in any interest-bearing obligation issued by the city or county in which such bank shall be situated.

"Fifth. In bonds and mortgages on unincumbered, improved real estate situate in this State."

The Act of April 5, 1917, P. L. 47, added to the list of securities in which trustees or directors of savings banks, savings institutions and provident institutions may invest money deposited therein, bonds issued by Federal land banks, and the Act of 1923 amended the Act of 1917 by adding bonds issued by joint-stock land banks.

Are the trustees or directors of savings banks such trustees as are contemplated by article III, section 22, of the Constitution of this State, which provides: "No act of general assembly shall authorize the investment of trust funds by executors, administrators, guardians or other trustees in the bonds or stock of any private corporation. . . ."

The answer depends upon what is the relation between the directors or trustees of savings banks and the depositors. Is it of such a confidential

4 D. & C.

character that the rule governing express trustees applies? The unquestioned tendency of the courts is not to regard them as express trustees, but to look upon the relationship between the bank and the depositor as that of debtor and creditor.

All the cases in our State recognize the relation of a bank to its depositor to be one of debtor and creditor and not one of trustee and *cestui que trust:* Bank of Northern Liberties *v.* Jones, 42 Pa. 536; Reiff *v.* Mack, 160 Pa. 265; Prudential Trust Co.'s Assignment, 223 Pa. 409. In Spering's Appeal, 71 Pa. 11, a company commenced the saving fund business, advertising extensively, and generally carrying on the business of a savings bank. In speaking of the directors of the company, Judge Sharswood said: "They are undoubtedly said in many authorities to be trustees, but that, as I apprehend, is only in a general sense, as we term an agent or any bailee intrusted with the care and management of the property of another. It is certain that they are not technical trustees."

The directors or trustees of a savings bank are not such trustees as report to or are under the supervision of any court. Concluding, therefore, that the trustees or directors of a savings bank are not such trustees as are forbidden to invest trust funds in a certain way, the only other question is, are the investments of savings banks limited to those enumerated in the Act of 1889, or can others be added?

Savings banks receive deposits and lend on security specified by statute. In 1907 Deputy Attorney-General Cunningham, in an opinion, said: "Investments . . . may be made in bonds which now are or hereafter may be authorized by law as legal investments for savings banks or savings institutions in Pennsylvania."

The same power, the legislature, which set forth and enumerated in the Act of 1889 what should be legal investments for savings banks can add to what is provided in that act and increase the number of securities such banks may invest in. This has been done by the Acts of 1917 and 1923, and I am of the opinion that the provisions of said act are constitutional and proper in all other respects.

You are, therefore, advised that savings banks may invest their funds in Federal land bank and joint-stock bank bonds.

From C. P. Addams, Harrisburg, Pa.