## Trust Companies as Sureties.

*Corporations—Trust companies—Sureties for depositories of the Commonwealth—Act of May 16, 1923.*

1. Under the Act of May 16, 1923, P. L. 248, a trust company cannot act as surety on the bonds of banks and trust companies which are required to file bonds in order to qualify to become depositories of the money of the Commonwealth.

2. The relation between a bank and its depositors is one of debtor and creditor and not that of trustee and *cestui que trust.*

3. A bank which becomes depository for the Commonwealth is not a fiduciary within the meaning of the Act of May 16, 1923, P. L. 248, which limits the power of trust companies to become sureties to the bonds of fiduciaries and to bonds required in judicial proceedings.

Department of Justice. Opinion to Board of Finance and Revenue.

BROWN, Dep. Att'y-Gen., March 27, 1925.—I have been informed that you desire an opinion on the question as to whether trust companies may act as surety on the bonds of banks and trust companies in this State which must file bonds in order to qualify to become depositories of the money of the Commonwealth.

Prior to the passage of the Act of May 16, 1923, P. L. 248, there was no question about the right of trust companies to act as surety on bonds generally, which, of course, included bonds of banks and trust companies filed to qualify them to become depositories of money of the Commonwealth. Any doubt as to the right of trust companies to act as such surety is to be determined from said Act of May 16, 1923, and to it we must look for an answer to the question.

The provisions of the act are brief and are as follows:

"Section 1. Be it enacted, &c., That the word 'bank,' as used in this act, means any State bank, incorporated banking company, trust company, savings bank or unincorporated bank heretofore or hereafter organized.

"Section 2. No bank shall become surety on any bonds, except that any bank which has qualified itself under the laws of this Commonwealth to engage in a fiduciary business may become sole surety in any case where, by law, one or more sureties are or may be required for the faithful performance of the duties of any assignee, receiver, guardian, committee, executor, administrator, trustee or other fiduciary, and may also become sole surety on any writ of error or appeal or in any proceeding instituted in any court of this Commonwealth in which security is or may be required: Provided, That noth-

ing in this act shall be construed to dispense with the approval of any court or officer now or hereafter required by law to approve such security.

"Section 3. Any bonds executed or delivered in violation of the provisions of this act shall be null and void."

By the plain and strict terms of the act, any institution which comes within the definition of "bank" as laid down in the act, namely, any State bank, incorporated banking company, trust company, savings bank or unincorporated bank, is prohibited from becoming surety on any bonds, except that such institutions which have qualified under the laws of this Commonwealth to engage in a fiduciary business may become surety for other fiduciaries and sole surety on any writ of error or appeal or in any proceeding instituted in any court of this Commonwealth in which surety is required. The purpose of the act is to limit and restrict banks. They are prevented from engaging in the bonding business generally and are confined by the act to the bonds of fiduciaries and any writ of error or appeal or in any proceeding instituted in any court of this Commonwealth in which security is or may be required.

It is clear that any bank, as defined by the act, may not become surety on general bonds and is limited to those enumerated in section 2 of the Act of May 16, 1923. Within this limitation are the ones generally classified under fiduciaries, but just what constitutes a fiduciary is not clearly settled and is often the subject of controversy. While it has been held to apply to all persons who occupy a position of confidence towards others, it has been more often limited to technical trusts. As before said, the purpose of the act is to limit and restrict banks in their general right to become surety on bonds, and it should be construed as applying to fiduciaries in their relation to technical trusts.

The question, therefore, arises, does a bank or trust company by becoming a depository of the money of the Commonwealth thereby become a fiduciary?

All the cases in our State recognize the relation of a bank to its depositors to be one of debtor and creditor, and not one of trustee and *cestui que trust.*

As far back as Bank of Northern Liberties *v.* Jones, 42 Pa. 536, it was held: "The trade of a banker is to receive money and use it as if it were his own, he becoming debtor to the person who has lent or deposited with him the money to use as his own, and for which money he is accountable as a debtor. I cannot at all confound the situation of a banker with that of a trustee, and conclude that the banker is a debtor with a fiduciary character: Foley *v.* Hill, 2 House of Lords' Cases, 36, 37, 44. A banker is, therefore, in relation to his customer, neither a trustee nor a quasi-trustee, but simply a debtor to him for a loan. The relation thus established is that of debtor and creditor merely, unaccompanied by any fiduciary connection."

In Spering's Appeal, 71 Pa. 11, the court said: "It is by no means a well-settled point what is the precise relation which directors sustain to stockholders. They are undoubtedly said in many authorities to be trustees, but that, as I apprehend, is only in a general sense, as we term an agent or any bailee entrusted with the care and management of the property of another. It is certain that they are not technical trustees."

This principle was reiterated in Reiff et al. *v.* Mack, 160 Pa. 265, and in Prudential Trust Company's Assignment, 223 Pa. 409, the law was laid down as follows: "We do not agree with the proposition advanced in behalf of appellees to the effect that a depositor in making a deposit in a bank does not thereby establish the relation of debtor and creditor, but rather chooses the bank as the custodian of his money for the time being. This is not the law. Money deposited in a bank ceases to be the money of the depositor and

becomes the money of the banking institution in which it was deposited. It is the business of a bank to receive money on deposit and use it as its own, being accountable as debtor to the depositor for the money so deposited, which may be subject to check or draft or payment upon notice or demand, as the parties may agree. All of our cases recognize the relation of a bank to its depositors to be one of debtor and creditor."

Concluding, therefore, that a bank or trust company which becomes a depository of the money of the Commonwealth thereby becomes the debtor of the Commonwealth and not a fiduciary, especially not a technical fiduciary, you are advised that, under the limitation of the Act of 1923, a trust company may not act as surety on the bond required from a bank or trust company in order to qualify as a depository of the money of the Commonwealth.

From C. P. Addams, Harrisburg, Pa.