Utica Mutual Insurance Company *v.* Easton
Structural Steel Company, Inc., et al.,
Appellants.

Argued May 11, 1937. Before SCHAFFER, MAXEY, LINN and STERN, JJ.

*M. C. Schrader,* of *Taylor, Schrader & Riskin,* for appellants.

*George R. Booth,* for appellee.

OPINION BY MR. JUSTICE LINN, July 7, 1937:

Claiming a right to priority of payment, plaintiff's bill prayed a decree that a trust in its favor resulted from defendants' liquidation of Easton Structural Steel Company, Inc., and that an account be filed and the claim be paid. At the trial the facts were stipulated. The learned court below held that plaintiff was entitled to priority. Defendants appeal.

The Easton Structural Steel Company, Inc., hereafter to be called the Easton company, is a New Jersey corporation. It does not appear what the company was incorporated to do. It transacted some business in New York in circumstances in which it was required to comply with the Workmen's Liability Insurance Law of that state. A part of plaintiff's claim is for premiums on policies of insurance insuring the Easton company against liability to its workmen under the workmen's

liability insurance laws of New York; on October 11, 1933, when reduced to judgment in the District Court of the United States for the Southern District of New York, that item was $5,984.69. The Easton company also transacted business in Pennsylvania and on another policy of Workmen's Compensation Insurance, issued on Pennsylvania business, owes the plaintiff $179.85. The New York judgment included not only the premiums mentioned, but costs, and the sum of $142.63 owing on another account, making a total of $6,934.51. An exemplification of the judgment was entered in the Common Pleas of Northampton County to No. 345, July Term, 1935. No execution was issued.

By the New York Workmen's Compensation Act, effective April 20, 1931, the premiums on the policies insuring New York workmen are preferred claims, the stipulation of facts including section 130 of that Act as follows: *"Section 130. Workmen's Compensation premiums shall be deemed preferred claims.* All premiums and interest charges on account of policies insuring employers against liability under this chapter which may be due to the state insurance fund, or any stock corporation or mutual association authorized to transact the business of insurance in this state, and all judgments recovered by the state insurance fund or any such insurance corporation or association against any employer on actions brought under any such policy, shall be deemed preferred claims in all insolvency or bankruptcy proceedings, trustee proceedings for administration of estates and receiverships involving the employer liable therefor or the property of such employer, provided, however, that claims for wages shall receive prior preference in all such proceedings."

The Pennsylvania Workmen's Compensation Law was amended May 24, 1933, by adding a similar provision.[1]

---

[1] "All premiums and interest charges on account of policies insuring employees against liability under this chapter, which may

By action of the directors on June 15, 1932, and of the stockholders on June 17, 1932, the Easton company determined to "discontinue the business of the company, liquidate and wind up its affairs 'distributing its assets in so far as they shall be sufficient to pay its creditors, the excess, if any, to be divided among stockholders,' and authorized its officers to take [the] steps" necessary.

At that time the Easton company was insolvent and "was indebted to the extent of $400,981.60, of which $376,704.52 was due to Bethlehem Steel Company and varying amounts were due to other secured and unsecured creditors." A few days later the individual defendants, officers or employees of Bethlehem Steel Company, became holders of more than 2/3 of the shares of the Easton company and became its officers and directors and at that time, it is agreed, the Bethlehem Steel Company "had knowledge of the financial condition of" the Easton company and of the proposed liquidation. Thereafter the Easton company, by the parties named as defendants, "liquidated its assets and wound up its affairs, realizing a net balance of $45,026.59. . . . certain secured creditors and certain small unsecured creditors [were paid] in full [leaving] . . . a balance sufficient to pay to the remaining general creditors a dividend of 9½% of the principal amount of their respective claims, with interest thereon to June 30, 1934." We understand that all the trust property was in this state,

be due to the State insurance fund, or any stock corporation or mutual association authorized to transact the business of insurance in this State, and all judgments recovered by the State insurance fund, or any such insurance corporation or association, against any employer on actions brought under any such policy, shall be deemed preferred claims in all insolvency or bankruptcy proceedings, trustee proceedings for administration of estates, and receiverships, involving the employer liable therefor, or the property of such employer; provided, however, that claims for wages shall receive prior preference in all such proceedings": Act of May 24, 1933, P. L. 983, section 652, P. L. 984, 40 PS (1936 Supp.) section 812.

that if the Easton company had any property in any other state it was brought here for the purposes of the trust. The plaintiff declined to receive the dividend claiming priority to the extent of the premiums owing on Workmen's Compensation Insurance policies.

It became unnecessary to decree an amount; the stipulation[2] states that if plaintiff is entitled to priority of the payment in this distribution "the entire amount of such preferred claim will be available and paid" and, if not, the plaintiff will accept a $9\frac{1}{2}\%$ dividend which had been declared.

The validity of the United States District Court judgment, brought here by exemplification, is not disputed; the objection is that in making distribution the liquidating trustees must apply the law of Pennsylvania, which, it is contended, will not enforce the preference claimed under the law of New York.

The arrangement made with defendants for winding up and distributing the assets of the Easton company was in equity an assignment for creditors: see *Love v. Clayton*, 287 Pa. 205, 134 A. 422. In *Prudential Trust Co.'s Assignment*, 223 Pa. 409, 72 A. 798, at page 414, we said: "The rights of creditors of an assigned estate

[2] "19. It is stipulated of record that if the instant claim of Utica Mutual Insurance Company, or any part thereof, be finally determined and adjudged by the Courts in these proceedings to be entitled to a preference against the assets of Easton Structural Steel Company, Inc., and the defendants in these proceedings, other than Easton Structural Steel Company, Inc., be adjudged and decreed to be liable for the payment of the same that the entire amount of such preferred claim will be available and paid to Utica Mutual Insurance Company; and further that if any part or the whole of the said claim be finally determined and adjudged by the Courts in these proceedings not to have any such preferential status or the defendants in these proceedings, other than Easton Structural Steel Company, Inc., be held to be not liable for the payment of the same, then the Utica Mutual Insurance Company will receive and accept a dividend of $9\frac{1}{2}\%$ of its claim or such part of its claim not entitled to preferential status without further accounting being required of the defendants or any of them."

are fixed as of the date of the assignment. By the deed of assignment the equitable ownership of the assigned property passes to the creditors. Each creditor owns such a proportional part of the whole as the debt due him bears to the aggregate of the indebtedness. The extent of the interest of a creditor is fixed by the deed of trust which also fixes the time to which the several claims must be referred for adjustment and not the date of the decree of distribution. The creditor having thus a fixed and vested interest as of the date of the assignment, it cannot be reduced to his prejudice by subsequent legislation, or otherwise, without interfering with a vested legal right. . . ."

The effect of the stipulation of facts is that in this proceeding defendant's liability to plaintiff must be treated as if the fund were in court for distribution notwithstanding the fact that all the other creditors have accepted their dividends. Distribution must be made according to the law of this state. The New York statute providing that the insurance premiums "shall be deemed preferred claims" in the classes of proceedings specified is part of the remedial and not of the substantive law of that state. See *In re Inland Dredging Corp.*, 61 F. (2d) 765. The form of remedy and the order of proceeding are determined by the law of the place where the remedy is asserted: *Singer v. Messina*, 312 Pa. 129, 136, 167 A. 583; see also Restatement, Conflict of Laws, sections 554, comment b; 556; 600. The mere fact that judgment was recovered in New York and in 1935 brought into this state after the distribution was made does not, for anything that appears in the record, affect the distribution. The New York statute, therefore, gives no right to priority in this proceeding.

The preference given by the amendment of May 24, 1933, to the Pennsylvania Workmen's Compensation Act does not entitle plaintiff to priority of payment of the sum of $179 said to be due for premium payable for insurance required to be taken pursuant to the Act. The

amendment was not passed until long after the assignment became effective and, therefore, under *Prudential Trust Co.'s Assignment*, 223 Pa. 409, 414, 72 A. 798, does not aid plaintiff.

The decree is modified to require payment of the dividend at the rate paid to other unsecured creditors, costs to be paid by defendants.